# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| TIMOTHY M. NELSON. | No.  47672-0-II |
| Appellant, | PART PUBLISHED OPINION |
| v. | |
| DEPARTMENT OF LABOR & INDUSTRIES, | |
| Respondent. | |

BJORGEN, C.J. — Timothy Nelson appeals the superior court's decision affirming the Board of Industrial Insurance Appeals (Board), which determined that the allocation of Nelson's recovery from a third party under the distribution formula of RCW 51.24.060 was proper.  Under the Industrial Insurance Act (IIA), title 51 RCW, a worker injured in the course of his employment has a right to sue any third party involved in the tortious act.  RCW 51.24.030(1).[1]

---

[1] "If a third person, not in a worker's same employ, is or may become liable to pay damages on account of a worker's injury for which benefits and compensation are provided under this title, the injured worker or beneficiary may elect to seek damages from the third person."  RCW 51.24.030(1).

If the injured worker collects any "recovery" from the third party, it is subject to a distribution formula that requires, among other matters, the attorney fees and costs to be proportionately shared by the injured worker and the Department. RCW 51.24.060(1).

In the published portion of this opinion, we address Nelson's contention that the Department's distribution of his recovery was premature because the pertinent IIA provisions require that attorney fees and costs from all claims pursued, even if unsuccessful, be included in the distribution of recovery. We hold that the Department's distribution of Nelson's recovery was not erroneous because the plain language of RCW 51.24.060 indicates that only attorney fees and costs associated with the resolved claims causing the recovery must be included in a distribution—not attorney fees and costs related to other unsuccessful claims. We address Nelson's remaining arguments in the unpublished portion of this opinion and hold that they fail. Accordingly, we affirm.

FACTS

In the course of his employment, Nelson was in a motor vehicle accident with Amanda Wade and suffered personal injuries. The Department paid $116,958.64 in worker's compensation benefits to Nelson. Pursuant to RCW 51.24.030(1), Nelson elected to pursue civil damages against Wade and Pierce County.[2] The trial court granted summary judgment in favor of Pierce County on all Nelson's claims against it. Nelson then settled with Wade, releasing all claims and causes of action against her. The settlement amount totaled $525,000, $408,000 of

---

[2] Other than a faulty highway design claim, it is unclear from the record what claims Nelson asserted against Pierce County.

which was allocated to pain and suffering.[3]  The remaining $117,000 constituted economic

damages considered a "recovery" and triggered distribution under the formula set forth in RCW

51.24.060.

The Department contacted Nelson about the settlement with Wade and requested a copy

of the settlement agreement, his attorney fee agreement, and "a ledger of costs relating to this

recovery."  Clerk's Papers (CP) at 77.  The attorney fee agreement indicated that Nelson's

lawyers represented him on all claims relevant to his motor vehicle accident with Wade and that

he would pay his lawyers one-third of the total recovery in the case.  The ledger of attorney costs

showed various expenses totaling $6,523.23.

After receiving this information, the Department asserted a lien of $114,957.32[4] against

Nelson's settlement.  Pursuant to the RCW 51.24.060 formula, the Department then calculated

the distribution of Nelson's $117,000 settlement.  First, the Department calculated the total

attorney fees and costs associated with the settlement as $40,453.75.  RCW 51.24.060(1)(a).

Second, the Department distributed 25 percent of the award's balance, $19,136.56, directly to

Nelson.  RCW 51.24.060(1)(b).  Finally, the Department allocated the remaining portion,

$57,409.69, to itself for reimbursement of benefits paid out to Nelson.  RCW 51.24.060(1)(c).

---

[3] Under *Tobin v. Department of Labor & Industries*, 169 Wn.2d 396, 404, 239 P.3d 544 (2010), pain and suffering damages are not subject to distribution.

[4] According to the Department, the lien was for less than benefits paid out to Nelson because certain administrative expenses are excluded when the Department asserts a lien against a third party recovery.  *E.g. Ziegler v. Dep't of Labor & Indus.*, 42 Wn. App. 39, 42, 708 P.2d 1212 (1985) (medical examinations not reimbursable).

Subsequently, the Department issued an order that requested Nelson to reimburse the Department in the amount of $57,409.69.

Nelson objected to the Department's distribution order. He argued that the Department's order was "premature and potentially overstate[d] the amount the [Department] is entitled to recover" because the calculation "understates costs and attorney fees incurred in causes of action[s] . . . being pursued and/or investigated for underinsured motorist, highway design and products liability, based on the same injuring event." CP at 100. Nelson hypothesized that because those cause of actions may ultimately prove unsuccessful, he would never recover the costs and attorney fees associated with those claims. Furthermore, Nelson alleged that at least $25,000 in additional expenses had been incurred after the settlement for the other pending causes of action. He did not contend that the Department's calculation was incorrect, nor did he make an argument that its calculation was contrary to the statutory language of RCW 51.24.060. The Department denied reconsideration of its distribution order.

Nelson appealed to the Board, where both Nelson and the Department moved for summary judgment. Nelson reiterated the same argument to the Board that the Department's distribution was premature because it failed to account for attorney fees and costs that might result from other potential causes of action arising from the same incident. Further, Nelson argued for the first time that the plain language of RCW 51.24.060 does not limit the distribution of attorney fees and costs to successful claims against parties. Rather, he argued the purpose of the IIA requires the Department to wait until all claims are resolved to ensure an injured worker receives the full benefit of sharing attorney fees and costs with the Department. Thus, Nelson

4

contended the Department should not have distributed the money received from the settlement with Wade until all claims related to the auto accident were resolved.

After a hearing, the Board granted summary judgment in favor of the Department, reasoning that the plain language of RCW 51.24.060 applies only to actual or realized recoveries, not to potential or possible recoveries. Relying on RCW 51.24.030(2)[5] and prior cases it adjudicated,[6] the Board concluded that the IIA contemplates "multiple . . . causes of action arising from a claim." CP at 42-43. Furthermore, the Board explained that the settlement completely resolved Nelson's lawsuit against Wade and that the settlement was a recovery triggering application of RCW 51.24.060 for calculation of a distribution. Along with these reasons, the Board entered findings of fact and conclusions of law, reflecting that the Department properly calculated the distribution.[7]

Nelson appealed to the superior court. The superior court affirmed the Board and adopted the Board's findings of fact and conclusions of law to support its decision. Nelson appeals.

---

[5] "In every action brought under this section, the plaintiff shall give notice to the department or self-insurer when the action is filed." RCW 51.24.030(2).

[6] *See* CP at 43 (citing Board decisions *In re Richard Boney*, No. 98-15811 (Wash. Bd. of Indus. Ins. Appeals) (Dec. 2001), http://www.biia.wa.gov/DO/9915811_ORD_20011024_DO.PDF; and *In Re Todd A. Hosking*, No. 08-17806 (Wash. Bd. of Indus. Ins. Appeals) (Apr. 24, 2009), http://www.biia.wa.gov/DO/0817806_ORD_20090824_DO.PDF.

[7] These findings of fact and conclusions of law are primarily a reflection of the Department's application of the distribution formula to Nelson's settlement discussed earlier in the Facts section. To avoid redundancy, we do not reiterate them here.

ANALYSIS

I. STATUTORY INTERPRETATION

Nelson argues that the Board arrived at an erroneous interpretation of RCW 51.24.060 by finding it "not reasonable to include in the distribution formula any cost not directly related to the settling defendant even though the cost was incurred in the same litigation." Br. of Appellant at 9, 17. The Department contends that the plain meaning of RCW 51.24.060 indicates that a distribution of a recovery only requires inclusion of the attorney fees and costs associated with the resolved claims that caused the recovery and triggered the distribution. For the reasons set forth below, we agree with the Department and resolve the statutory interpretation question on a plain meaning analysis.

1.      Standard of Review/Legal Principles

A superior court reviews the Board's actions de novo, but relies on the certified Board record and decides only those matters that the administrative tribunals previously determined. *Matthews v. Dep't of Labor & Indus.*, 171 Wn. App. 477, 491, 288 P.3d 630 (2012); *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 179, 210 P.3d 355 (2009). The superior court must consider the Board's decision as prima facie correct. RCW 51.52.115. If the superior court determines that the Board has acted within its power and has correctly construed the law, its decision will be upheld. *Id.*

From the superior court's judgment, our review "'is limited to examination of the record to see whether substantial evidence supports the findings made after the superior court's de novo review, and whether the court's conclusions of law flow from the findings.'" *Rogers*, 151 Wn. App. at 180 (quoting *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999)).

However, the superior court's findings of fact and conclusions of law were entered in its review of the summary judgment entered by the Board, which in turn adopted the proposed decision and order by an industrial insurance judge that found no genuine issues of material fact and granted summary judgment to the Department. The superior court adopted the findings and conclusions of the Board's decision, granting summary judgment. "Findings of fact and conclusions of law are not necessary on summary judgment and, if made, are superfluous . . ." *Concerned Coupeville Citizens v. Town of Coupeville*, 62 Wn. App. 408, 413, 814 P.2d 243 (1991). On review of summary judgment, as here, we review de novo whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. CR 56(c).

Nelson concedes that no genuine issues of material fact exist and that the dispositive issue was purely of statutory interpretation. Because statutory interpretation is purely a question of law, we review the superior court's ruling de novo. *Hill v. Dep't of Labor & Indus*., 161 Wn. App. 286, 292, 253 P.3d 430 (2011). Further, "[a]lthough we may substitute our judgment for that of the agency on issues of law, we give great weight to the agency's interpretation of the law it administers." *Jones v. City of Olympia*, 171 Wn. App. 614, 621, 287 P.3d 687 (2012).

The goal of statutory interpretation is to ascertain and give effect to the legislature's intent. *Birgen v. Dep't of Labor & Indus.*, 186 Wn. App. 851, 857, 347 P.3d 503, *review denied*, 184 Wn.2d 1012 (2015). "To determine legislative intent, we first look to the plain language of the statute." *Id.* To decipher the plain language, we look at the meaning of the provisions in

question as well as the context of the statute and related statutes. *Id.* "We do not rewrite unambiguous statutory language under the guise of interpretation," or "'add words where the legislature has chosen not to include them.'" *Id.* at 858 (quoting *Rest. Dev., Inc. v. Cananwill, Inc.*, 150 Wn.2d 674, 682, 80 P.3d 598 (2003)).

"When statutory language is susceptible to more than one reasonable interpretation, it is considered ambiguous." *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 808, 16 P.3d 583 (2001). "However, it is not ambiguous simply because different interpretations are conceivable." *Hi-Way Fuel Co. v. Estate of Allyn*, 128 Wn. App. 351, 358, 115 P.3d 1031 (2005). "We are not to search for 'an ambiguity by imagining a variety of alternative interpretations.'" *Id.* (quoting *Am. Cont'l Ins. Co. v. Steen*, 151 Wn.2d 512, 518, 91 P.3d 864 (2004)).

2.    Plain Meaning

Nelson argues that the Department's distribution of his recovery was premature because the IIA requires that attorney fees and costs from all claims pursued, even if unsuccessful, be included in the distribution of his recovery. We disagree.

The IIA "is based on a compromise between workers and employers, under which workers become entitled to speedy and sure relief, while employers are immunized from common law responsibility." *Flanigan v. Dep't of Labor & Indus.*, 123 Wn.2d 418, 422, 869 P.2d 14 (1994) (citing RCW 51.04.010). However, the IIA permits suit against third party tortfeasors. RCW 51.24.030(1). The injured worker can pursue such an action himself or can assign his claims to the Department. RCW 51.24.030(1), .050(1). Nelson elected to take the

former approach, making any successful recovery against a third party subject to a lien by the Department to offset benefits it paid out to Nelson. RCW 51.24.060(1), (2).

The distribution of that recovery is subject to a specific formula outlined in RCW 51.24.060, which reads in pertinent part:

> (1) If the injured worker or beneficiary elects to seek damages from the third person, *any recovery* made shall be distributed as follows:
> (a) *The costs and reasonable attorneys' fees shall be paid proportionately by the injured worker or beneficiary and the department* and/or self-insurer: PROVIDED, That the department and/or self-insurer may require court approval of costs and attorneys' fees or may petition a court for determination of the reasonableness of costs and attorneys' fees;
> (b) The injured worker or beneficiary shall be paid twenty-five percent of the balance of the award: PROVIDED, That in the event of a compromise and settlement by the parties, the injured worker or beneficiary may agree to a sum less than twenty-five percent;
> (c) The department and/or self-insurer shall be paid the balance of the recovery made, but only to the extent necessary to reimburse the department and/or self-insurer for benefits paid;
> (i) The department and/or self-insurer shall bear its proportionate share of the costs and reasonable attorneys' fees incurred by the worker or beneficiary to the extent of the benefits paid under this title: PROVIDED, That the department's and/or self-insurer's proportionate share shall not exceed one hundred percent of the costs and reasonable attorneys' fees;
> (ii) The department's and/or self-insurer's proportionate share of the costs and reasonable attorneys' fees shall be determined by dividing the gross recovery amount into the benefits paid amount and multiplying this percentage times the costs and reasonable attorneys' fees incurred by the worker or beneficiary;
> (iii) The department's and/or self-insurer's reimbursement share shall be determined by subtracting their proportionate share of the costs and reasonable attorneys' fees from the benefits paid amount;
> (d) Any remaining balance shall be paid to the injured worker or beneficiary.

(Emphasis added.) The key statutory interpretative issue here is the linguistic relationship between an injured worker's "recovery" noted in RCW 51.24.060(1) and which attorney fees and costs must be paid from a distribution of that "recovery."

First, the definition of recovery suggests only attorney fees and costs spent on resolved claims triggering the recovery should be included in the distribution formula. Under the IIA, recovery includes "all damages except loss of consortium" and pain and suffering. RCW 51.24.030(5); *Tobin v. Dep't of Labor & Indus.*, 169 Wn.2d 396, 404, 239 P.3d 544 (2010). *Black's Law Dictionary* at 1466 (10th ed.) defines "recovery" as "1. The regaining or restoration of something lost or taken away. 2. The obtainment of a right to something (esp. damages) by a judgment or decree. . . . 4. An amount awarded in or collected from a judgment or decree." In *Webster's Third New International Dictionary* at 1898 (2002), "recovery" is defined as "the obtaining in a suit at law of a right to something by a verdict, decree, or judgment of court."

Under these definitions, a recovery exists when a plaintiff receives damages other than loss of consortium and pain and suffering damages. The resolution that fixed the damages might be the settlement of a single claim against one party or a judgment entered against multiple parties for multiple claims. In either situation, the recovery will be defined by the damages acquired from resolving specific claims against specific parties. Thus, the costs and attorney fees that are subject to the distribution formula are those related to the settlement or judgment of claims constituting the recovery. RCW 51.24.060(1).

The legislature's positioning of the RCW 51.24.060 subsections further buttresses this interpretation. As the Department suggests, the "'costs and reasonable attorneys' fees' noted in subsection (1)(a) are linked to the particular 'recovery' identified in subsection (1)." Br. of Resp't at 13. The legislature's arrangement of RCW 51.24.060's subsections shows its intent to associate the attorney fees and costs with resolved claims causing the recovery and triggering the distribution formula in the first place.

10

In addition, RCW 51.24.060(5), which imposes a duty on a party who recovers to provide notice to the Department, further compels this reading of recovery. RCW 51.24.060(5) states:

> It shall be the duty of the person to whom any recovery is paid before distribution under this section to advise the department or self-insurer of the fact and amount of such recovery, the costs and reasonable attorneys' fees *associated with the recovery*, and to distribute the recovery in compliance with this section.

(Emphasis added). As the Department points out, we interpret a statute to give effect to all language, so as to render no portion meaningless or superfluous. *Rivard v. State*, 168 Wn.2d 775, 783, 231 P.3d 186 (2010). Through RCW 51.24.060(5), the legislature only considered the costs and attorney fees that are associated with the recovery pertinent for the Department to know in implementing the distribution required by RCW 51.24.060. Thus, RCW 51.24.060(5) implies that costs and attorney fees that are *not* associated with the recovery that triggered the distribution formula are not covered in the distribution of that recovery. This premise, along with the definitions of recovery and the subsection arrangement of RCW 51.24.060, shows that the costs and attorney fees to be distributed under that statute are those that are associated with the resolution of claims that triggered the recovery.

Nelson argues that this interpretation runs against the mandate of RCW 51.12.010. This section states that the IIA "shall be liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment." However, we "cannot use the liberal construction requirement to support a 'strained or unrealistic interpretation' of statutory language." *Birgen*, 186 Wn. App. at 862

11

(quoting *Senate Republican Campaign Comm. v. Pub. Disclosure Comm'n*, 133 Wn.2d 229, 243, 943 P.2d 1358 (1997)). Moreover, the liberal construction provision is only triggered when doubts or ambiguities in the IIA need to be resolved. *See Dep't of Labor & Indus. v. Lyons Enters. Inc.*, 185 Wn.2d 721, 734, 374 P.3d 1097, *recons. denied*, (2016).

Nelson's interpretation, while conceivable, would strain the provisions of RCW 51.24.060 to construe an ambiguity that does not exist. *Hi-Way Fuel*, 128 Wn. App. at 358-59. Thus, the rule of liberal construction cannot blunt the effect of the plain language of the IIA: in distributing a recovery under RCW 51.24.060, only the attorney fees and costs associated with the resolved claims that caused the recovery and triggered the distribution are considered in the distribution.[8]

Nelson also contends that he will receive less than the 25 percent net recovery RCW 51.24.060 guarantees him if other attorney fees and costs from other unsuccessful claims are not included. *Id.* The distribution formula, though, requires attorney fees and costs to be deducted first from the recovery before the worker's 25 percent share of the remaining balance is calculated. *Tobin*, 169 Wn.2d at 408-09 (citing RCW 51.24.060(1)(a), (b), (c)). If, for example, other costs associated with the unsuccessful Pierce County claim were included in the distribution formula, Nelson's entitlement to his portion of the recovery would actually have

---

[8] This plain meaning analysis is consistent with two cases suggesting that only attorney fees and costs associated with the recovery are to be included in the distribution. In *Davis v. Department of Labor & Industries*, 71 Wn. App. 360, 363, 858 P.2d 1117 (1993), the court stated it is "[t]he costs and reasonable attorneys' fees [of the third party recovery]" that shall be paid proportionately." (Second alteration in original). In *Rhoad v. McLean Trucking Co.*, 102 Wn.2d 422, 424, 686 P.2d 483 (1984), the court stated that "the Department is required to bear a proportionate share of the fees and costs incurred in obtaining . . . a recovery."

been reduced. Thus, his interpretation may frustrate the IIA's purpose of protecting an injured worker because inclusion of additional attorney fees and costs not linked to the specific recovery could reduce a worker's potential recovery.

Finally, Nelson cites *Hi-Way Fuel*, 128 Wn. App. at 354, arguing that the Department "unilaterally disallowed" the costs calculated in the distribution formula. Br. of Appellant at 9-10. In *Hi-Way Fuel*, 128 Wn. App. at 354-55, the claimant submitted a letter from her attorney to the Department detailing the attorney fees and costs associated with the third party recovery. Before calculating the distribution, the Department unilaterally deducted costs related to internal copying and postage. *Id.* at 355. The *Hi-Way Fuel* court held that because the Department may petition a court to determine whether costs are reasonable, RCW 51.24.060(1)(a), it does not have a "unilateral right" to determine the amount or types of costs that should be included in the distribution formula. *Id.* at 363. It thus remanded the case, in part, for a new distribution calculation that included the costs for internal copying and postage. *Id.* Unlike *Hi-Way Fuel*, the Department here did not unilaterally deduct any costs from the bill Nelson submitted. Instead, the Department included all costs Nelson submitted to it when it applied the distribution formula. Thus, *Hi-Way Fuel* is inapplicable.

For the reasons stated above, the costs and attorney fees to be distributed are those that are associated with the resolution of claims that triggered the recovery. Accordingly, the Department did not err in its interpretation.

## CONCLUSION

We hold that the Department's distribution of Nelson's recovery was not erroneous. The plain language of RCW 51.24.060 indicates that only the attorney fees and costs associated with

the resolved claims causing the recovery must be included in a distribution—not attorney fees and costs related to other claims. We affirm the superior court.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

## ADDITIONAL CLAIMS

In the unpublished portion of this opinion, we consider (1) whether the Department's interpretation of RCW 51.24.060 constituted rule making without following the required rule making procedures, and (2) whether Nelson is entitled to an award of attorney fees and costs. For the reasons below, we hold that no rule making occurred and that Nelson is not entitled to an award of attorney fees and costs.

## II. RULE MAKING

Nelson argues that the Department's interpretation of RCW 51.24.060 constituted rule making. We disagree.

The Administrative Procedure Act (APA), chapter 34.05 RCW, sets out certain formal requirements that an agency must follow before adoption of a new rule. *Providence Physician Servs. Co. v. Dep't of Health*, 196 Wn. App. 709, 725, 384 P.3d 658 (2016). If an agency adopts a rule without compliance with these required procedures, we will declare the rule invalid. *Id.* (citing RCW 34.05.570(2)(c)). However, for rule making procedures to apply, an agency action or inaction must fall into the APA definition of a rule. *Id.*

In order to qualify as a "rule" under the APA, two elements must be satisfied. *Id.* at 726. First, an agency action must be any agency "'order, directive, or regulation of general

14

applicability.'" *Id.* (quoting RCW 34.05.010(16)). Second, as applicable to this appeal, the agency action must "establish[], alter[], or revoke[] any qualification or requirement relating to the enjoyment of benefits or privileges conferred by law." RCW 34.05.010(16)(c)

First, the Department's order was not one of general applicability. Rather, the order set forth the distribution calculation that applied to Nelson's settlement. Nelson cites to two of the Department's representations made to the Board to support his position that the Department's order was one of general applicability. First, he cites a declaration that the Department attached to its summary judgment motion to the Board where a Department representative stated:

> I determined the Department's distribution share of Mr. Nelson's recovery against Amanda Wade in the same manner as I would for any recovery made by an injured worker against a third party tortfeasor—pursuant to RCW 51.24.060. If Mr. Nelson obtains recoveries relating to this incident from additional third persons, those recoveries will also be distributed in accordance with Ch. 51.24, RCW.

CP at 78-79. Nelson also cites the hearing before the Board where the Department's attorney stated:

> [The Department] believe[s] that the third party statute is unambiguous and so there has not been a need for rule making in order to resolve any ambiguities within the statute.

CP 149. These statements, though, were part of the Department's arguments to the Board. They do not broaden the Department's original order, which confined itself to an application of the distribution formula to Nelson's settlement. Furthermore, Nelson's original objection to the Department's distribution order was not based on an improper interpretation of RCW 51.24.060. Rather, he believed the calculation was "premature" and "understate[d] costs and attorney fees incurred" because Nelson had other specific causes of action which might produce additional

15

expenses. CP at 100. The Department's distribution order and Nelson's arguments related to that order were limited to Nelson's case.

Second, the Department's order did not establish, alter, or revoke any qualification or requirement relating to the enjoyment of benefits or privileges conferred by law. Generally, an agency is permitted to interpret language in a statute or regulation without going through formal rule making procedures. *Providence Physician Servs. Co.*, 196 Wn. App. at 726 (collecting cases). If, however, an agency adds a new requirement to an already well defined regulation, that requirement will be deemed a rule subject to the formal rule making procedures. *Id.* at 726-27 (citing *Failor's Pharmacy v. Dep't of Soc. & Health Servs.*, 125 Wn.2d 488, 886 P.2d 147 (1994)).

To support his argument, Nelson cites to *Hillis v. Department of Ecology*, 131 Wn.2d 373, 932 P.2d 139 (1997). In *Hillis*, 131 Wn.2d at 399, the Department of Ecology implemented a system, not contemplated in the relevant statutes or regulations, in which it prioritized the processing of applicants for certain water rights. Because applicants had a right under statute to have their water permit application investigated and decided upon, the *Hillis* court held that the agency engaged in improper rule making in creating its own priority system without going through the formal rule making procedures. *Id.* at 399-400. Notably, the Department of Ecology did not rely on an interpretation of any statutory or regulatory language to create its approach; rather, it was in response to a reduced budget, a large number of applications pending, and the complexities of determining an individual's water rights. *See id.* at 378-80, 394.

Here, the Department's order relied on the statutory language of RCW 51.24.060 to apply the distribution formula to Nelson's settlement. Although the Department did not engage in an

16

overt interpretation of RCW 51.24.060 in its order, the application to Nelson's settlement constitutes an implicit reliance on the distribution formula's language to arrive at its result. Therefore, unlike *Hillis*, the Department's order is more accurately characterized as a proper interpretation of a statute, rather than an improper alteration of the distribution formula.

Accordingly, because the Department's order is neither generally applicable nor an alteration of any qualification or requirement in the distribution formula, Nelson's rule making claims fails.

### III. ATTORNEY FEES

Nelson argues that he is entitled to attorney fees and costs both at superior court and on appeal pursuant to RCW 51.52.130.[9]

> Under RCW 51.52.130, where a worker appeals a decision of the Board of Industrial Insurance Appeals, he is entitled to fees and costs if (a) the Board's decision is "reversed or modified" and (b) "the accident fund or medical aid fund is affected by the litigation." RCW 51.52.130(1).

*Tobin*, 169 Wn.2d at 406.

Because Nelson fails to prevail on the merits of his claims, we do not reverse or modify the Board's decision. Thus, an award of attorney fees and costs is not appropriate.

### CONCLUSION

We hold that (1) the costs and attorney fees to be taken into account in distributing a recovery under RCW 51.24.060 are those associated with the resolution of claims that triggered

---

[9] RCW 51.52.130 encompasses fees in both the superior and appellate courts when both courts review the matter. *Hi-Way Fuel Co.*, 128 Wn. App. at 363-64.

No. 47672-0-II

the recovery; (2) the Department's order did not constitute rule making; and (3) an award of

attorney fees and costs is not appropriate.  Therefore, we affirm.

_____
BJORGEN, C.J.

We concur:

_____
JOHANSON, J.

_____
LEE, J.