[No. 64809-8-I.    Division One.    February 6, 2012.]

SHARON A. DAVIS, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

*Michael D. Myers* and *Ryan C. Nute* (of *Myers & Company PLLC*), for appellant.

*Robert M. McKenna, Attorney General,* and *Scott T. Middleton, Assistant,* for respondent.

---

¶1 SPEARMAN, J. — Our Supreme Court held in *Tobin v. Department of Labor & Industries*, 169 Wn.2d 396, 239 P.3d 544 (2010) that the Department of Labor and Industries (Department) is not entitled to recover from any general damages allocated in an injured worker's settlement with a third-party tortfeasor. This appeal presents the issue of whether an injured worker whose pre-*Tobin* settlement did not allocate general damages is entitled to a recalculation of the Department's distribution order so that a portion of her settlement can be recognized as general damages, in light of *Tobin*'s clarification. We hold that *Tobin*'s rule applies only to allocated settlements and the trial court therefore properly declined to consider Sharon Davis's claim, as in *Mills v. Department of Labor & Industries*, 72 Wn. App. 575, 865 P.2d 41 (1994), and *Gersema v. Allstate Insurance Co.*, 127 Wn. App. 687, 112 P.3d 552 (2005). We affirm.

## FACTS

¶2 On August 22, 2002, Sharon Davis was involved in an on-the-job motor vehicle accident caused by an uninsured motorist (UM). She sustained injuries and received a permanent impairment rating. The Department paid Davis industrial insurance benefits for time loss, medical ex-

penses, and permanent partial disability. The Department closed her claim on July 29, 2005. Davis elected to pursue a third-party claim against her employer's UM carrier, sending a written settlement demand on May 7, 2008, in which she calculated her damages as follows:

| | |
|---|---|
| Medical Expenses | $27,102.10 |
| Lost Compensation | $1,360.00 |
| Pain and Suffering | $25,000.00 |
| Disability | $25,000.00 |
| Loss of Enjoyment of Life | $25,000.00 |
| **Total Damages** | **$103,452.10** |

Davis's claim was settled for a lump sum of $75,000 on June 2, 2008. The settlement agreement did not differentiate between general and specific damages.

¶3 Under RCW 51.24.060, an injured worker's recovery from a third party is subject to distribution.[1] The Department issued its third-party distribution order regarding Davis's settlement on June 9, 2008.[2] It applied the distribution formula in RCW 51.24.060 to the full amount of

---

[1] Recovery is defined as "all damages except loss of consortium." RCW 51.24.030(5). As we note, pain and suffering damages are also excluded from distribution as recovery. *Tobin*, 169 Wn.2d at 404. Any recovery subject to distribution is divided and distributed in the following order: (1) attorney fees and costs; (2) 25 percent of the balance goes to the injured employee or beneficiary; and (3) the balance of the recovery goes to the Department, but only to the extent necessary to reimburse the Department for benefits paid. RCW 51.24.060(1)(a)-(c). Any remaining balance is paid to the employee or beneficiary. RCW 51.24.060(1)(d). Thereafter, the employee or beneficiary is not entitled to receive additional workers' compensation benefits until the additional benefits equal the remaining balance of the recovery paid to the employee or beneficiary. RCW 51.24.060(1)(e). The Department has a lien on its share of a worker's third-party recovery. RCW 51.24.060(2).

[2] The order provided in pertinent part:

WHEREAS, the claimant has recovered $75,000, and RCW 51.24.060 requires distribution of the settlement proceeds as follows: 1) Net share to attorney for fees and costs $25,007.02; 2) Net share to claimant $25,859.00; and 3) Net share to department $24,133.98.

WHEREAS, the Department of Labor and Industries has paid benefits of $36,991.21, and asserts $36,207.37 against this recovery;

NOW THEREFORE, demand is hereby made upon the claimant to reimburse the department in the amount of $24,133.98.

Davis's recovery, $75,000. The Department asserted a statutory lien in the amount of $36,207.37 and ordered that $8,907.01 was subject to offset.[3]

¶4 On July 1, 2008 we issued our opinion in *Tobin v. Department of Labor & Industries*, 145 Wn. App. 607, 187 P.3d 780 (2008), holding the Department was not entitled to reimbursement from the portion of an injured worker's third-party recovery compensating the worker for pain and suffering. Because the Department did not pay pain and suffering damages, those damages were not a "recovery" as defined in RCW 51.24.030(5).

¶5 On August 1, 2008, Davis appealed the Department's distribution order to the Board of Industrial Appeals (Board). Her appeal was based on *Tobin*. The industrial appeals judge (IAJ) affirmed, ruling that *Tobin* did not apply because Davis's settlement did not allocate special damages. The Board granted Davis's petition for review and affirmed the IAJ's ruling.

¶6 Davis appealed the Board's decision and order in King County Superior Court. She sought a stay pending the Washington Supreme Court's determination of *Tobin*. The superior court denied the stay, and trial was held on October 5, 2009. The court upheld the Board and entered findings of fact, conclusions of law, and judgment in the Department's favor. The court's ruling was based on the following conclusion of law:

> Because the Appellant did not allocate any portion of her recovery to damages for loss of consortium or pain and suffering, this matter is controlled by *Mills v. Dep't of Labor and Indus.*, 72 Wn. App. 575, 865 P.2d 41, *review denied*, 124 Wn.2d

IT IS FURTHER ORDERED no benefits or compensation will be paid to or on behalf of the claimant or beneficiary as defined in RCW 51.08.020 until such time as the excess recovery totaling $8,907.01 has been expended by the claimant or beneficiary for costs incurred as a result of the condition(s), injuries, or death covered under this claim.

[3] The amount subject to offset is what an injured worker must spend before the Department will pay any additional benefits.

1008 (1994) and *Gersema v. Allstate Insurance Company*, 127 Wn. App. 687, 112 P.3d 552 (2005).

Davis appealed to this court, again arguing that her distribution order should be recalculated following our decision in *Tobin*. We stayed her appeal pending the Supreme Court's decision in that case. The court affirmed, holding that chapter 51.24 RCW did not authorize the Department to include the portion of a worker's settlement allocated to pain and suffering damages in its distribution calculation. *Tobin*, 169 Wn.2d at 404.

## DISCUSSION

¶7 The only issue before us is whether a worker who entered a nonallocated third-party settlement before *Tobin* is entitled to a recalculation of the Department's distribution order so that some portion is recognized as general damages, to which the Department is not entitled under *Tobin*. The facts are undisputed and this appeal presents only issues of law. This court reviews the trial court's decision to grant the Department's motion for summary judgment de novo. This court reviews issues of law de novo. *Stuckey v. Dep't of Labor & Indus.*, 129 Wn.2d 289, 295, 916 P.2d 399 (1996).

¶8 Davis contends that her failure to allocate did not make her entire settlement subject to distribution.[4] She argues that she was not obligated to allocate because the third-party recovery statute was ambiguous and the Department was not required to—and did not—respect allocations for general damages. She points out that she settled her claim before *Tobin* clarified that the Department may not recover from an injured worker's general damages.

---

[4] Davis suggests that any of three different methods could be used by the Department upon remand: (1) her demand to the UM carrier, which apportioned her damages, could be prorated with the gross amount of the settlement; (2) the difference between (a) her medical bills and lost compensation, as reflected in the Department's ledger (itemizing each dollar paid in connection with Davis's claim), and (b) the $75,000 settlement should be allocated to her general damages; or (3) the Department could conduct a reasonableness hearing.

¶9 The Department argues that because Davis did not allocate, *Tobin* does not apply and the trial court correctly applied *Mills* and *Gersema*. It contends that because *Tobin* addresses an allocated settlement, *Tobin* does not overrule or affect *Mills* or *Gersema*. The Department contends that here, as in *Mills* and *Gersema*, it is impossible to determine from the record what amount, if any, was intended by the settling parties as general damages.

¶10 We agree with the Department. The cases discussed by the parties are dispositive. In *Mills*, Mills contracted lung disease and received workers' compensation benefits. He and his wife filed a civil action against several defendants. In addition to Mills's own damages, the complaint sought damages for his wife's loss of consortium claim. *Mills*, 72 Wn. App. at 576. The Millses settled the third-party action for a lump sum and did not allocate to the wife's loss of consortium claim. The Department asserted a lien against the entire settlement, but the Millses argued that the wife's loss of consortium claim was not subject to the Department's right of reimbursement. The Board determined that the Department's lien could not be asserted against any portion of a third-party recovery awarded to a worker's spouse for loss of consortium until the spouse began receiving benefits under the Industrial Insurance Act, Title 51 RCW. However, the Board concluded that the entire settlement was subject to the lien because the Millses' settlement did not allocate a portion to the loss of consortium claim. We agreed. *Id.* at 577.

¶11 Next, in *Gersema*, Gersema was injured at Titus-Will while working for Allstate, a self-insured employer. Allstate paid him $35,731.61 in industrial insurance benefits. *Gersema*, 127 Wn. App. at 689-90. Gersema sued third party Titus-Will for the same injury and they settled for a lump sum of $160,000. The settlement did not make an allocation for general damages. Allstate asserted a lien, and the Department's order subjected the entire $160,000 to distribution. *Id.* at 690-91. Gersema appealed to the Board,

which affirmed. On appeal to this court, Gersema argued that the Department's application of RCW 51.24.060(1)(e) violated his right to substantive due process because it resulted in an unconstitutional taking of general damages from his third-party settlement. Specifically, he argued that because Allstate recovered all benefits it had paid him, the Department unconstitutionally took his property when it allowed Allstate to offset his potential future industrial insurance benefits against his statutorily defined excess recovery. *Id.* at 692. Gersema relied on *Flanigan v. Department of Labor & Industries*, 123 Wn.2d 418, 423, 869 P.2d 14 (1994), in which our Supreme Court held that the Department's statutory right to reimbursement does not extend to a spouse's recovery for loss of consortium because RCW 51.24.060 provides that the Department can be reimbursed only for benefits paid, and the Department does not pay the injured worker for loss of consortium. But we held that Gersema's failure to allocate was determinative:

> If Gersema's settlement with Titus-Will had clearly allocated some or all of the damages to his pain and suffering, we might agree with his contention that these general damages are not "excess" and, therefore, should receive the same treatment as loss of consortium damages in *Flanigan*. But such is not the case here. Unlike Flanigan's differentiated award, Gersema received an undifferentiated settlement award for which it is impossible to determine from the record what portion was attributable to general damages, such as pain and suffering, and what portion was attributable to special damages, for which Allstate had already paid Gersema industrial insurance benefits or may pay as future benefits arising from the same neck injury. Thus, *Flanigan*, with its differentiated award, does not apply.

*Gersema*, 127 Wn. App. at 695-96 (footnote omitted). We applied *Mills* and held that under RCW 51.24.060(1)(e) and RCW 51.24.060(2), Allstate's lien applied to the entire remainder of Gersema's excess recovery from the third-party settlement because the settlement failed to differentiate general damages from special damages. *Id.*

¶12 Finally, in *Tobin*, our Supreme Court held that chapter 51.24 RCW does not authorize the Department to seek reimbursement from damages awarded for pain and suffering in a third-party settlement. *Tobin*, 169 Wn.2d at 398. The court relied on *Flanigan*'s principle that where the Department has not paid benefits for a type of damages, it cannot seek reimbursement from those damages. *Id.* at 401 (citing *Flanigan*, 123 Wn.2d at 426).

¶13 These cases do not support Davis's position. *Mills* and *Gersema* unambiguously indicated to workers that in order to make the claim that any part of their third-party recovery should be excluded from the Department's lien, they must allocate. *Tobin* involved an allocated settlement, and nothing in the court's opinion supports remanding and recalculating Davis's distribution order.

¶14 Davis's arguments as to why *Mills* and *Gersema* do not control are unpersuasive. She points out that *Mills* involved a loss of consortium claim, but this distinction is immaterial. The basis for the Millses' contention that a portion of their recovery should be excluded was that the Department does not pay loss of consortium benefits and should therefore not be allowed to seek recovery for that benefit. This is the same basis for Davis's argument regarding pain and suffering damages. Next, she contends *Mills* involved claims belonging to different claimants. This point is also immaterial. Although the wife had a claim separate from her husband's, both of them entered into a single settlement agreement resolving all of their claims. *Mills*, 72 Wn. App. at 576. The critical fact is that the Millses failed to allocate. Finally, Davis contends that the *Mills* court did not have the benefit of the clear rule of law provided by *Tobin*. But the *Mills* court was aware when it issued its decision that the Supreme Court had accepted review of *Flanigan* and *Downey v. Department of Labor & Industries*, 119 Wn.2d 1018, 838 P.2d 690 (1992), which would decide whether loss of consortium is subject to the Department's lien. The *Mills* court explained that its decision was made on independent grounds:

> If both *Downey* and *Flanigan* were reversed, the Department would have an immediate right to reimbursement against the Mills[es]' entire recovery. However, because we decide this case on other grounds, i.e., the parties' failure to segregate the Mills[es]' recovery at settlement, neither *Downey* nor *Flanigan* impacts the outcome of this case.

*Mills*, 72 Wn. App. at 577 n.1. A clear rule of law on the substantive issue would not have changed the outcome given the failure to allocate.

¶15 Davis contends *Gersema* did not reach the substantive issue decided by *Tobin* and that after *Gersema*, the Department's lien attached to the entirety of a worker's third-party recovery, allocated or not. Therefore, she had no reason to allocate. But again, *Gersema* clearly indicated that a settlement must be allocated before a worker could argue that part of a settlement was not subject to the Department's lien. The court declined to reach the substantive issue for the simple reason that the settlement did not allocate.

¶16 Davis contends that if allocation is not ordered, the Department will recover funds to which it is not entitled. She also suggests that here, unlike in *Mills* and *Gersema*, the record does indicate an allocation to general damages. But the only evidence to which Davis points is her settlement demand to the third party, a unilateral document written before the settlement that reveals nothing about the third party's intent—or even Davis's—at the time of settlement. There is no way for an allocation to be made without speculating about the parties' intent at settlement. Stated differently, it is impossible to verify from the record that any part of Davis's settlement in fact constitutes funds to which the Department is not entitled under *Tobin*.

¶17 To hold as Davis urges would require courts to assume that the parties to any unallocated, pre-*Tobin* settlement intended to allocate a portion to general damages, and require the Department to recalculate its distribution orders in any and all of these cases. *Tobin* does not

require this. Furthermore, we note that Davis had the same opportunity as Tobin to allocate. Davis's request for attorney fees under RAP 18.1 and RCW 51.52.130(1) is denied.

¶18  Affirmed.

DWYER, C.J., and COX, J., concur.