# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| WILLIAM BOLEY, | No. 54884-4-II |
| Respondent, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — William Boley was injured at work in a car accident with a third party motorist. He filed a workers' compensation claim with the Department of Labor and Industries (Department), and the claim was allowed. The Department asserted a statutory lien on any recovery Boley may receive from a third party. Boley filed claims against the third party motorist and his employer's underinsured motorist (UIM) carrier. Boley settled the third party claims without repaying the Department's lien or allocating pain and suffering damages in the settlement. The Department issued a distribution order allocating the settlement, and Boley appealed the order to the Board of Industrial Insurance Appeals (Board).

The Department filed a summary judgment motion before the Board, arguing it acted within its discretion by allocating the settlement as it did where there was no allocation in the settlement agreement. The Board granted the Department's motion. Boley appealed the Board's summary judgment order to the superior court. The court reversed and remanded to the Board for

a hearing to permit Boley to present evidence of his pain and suffering damages. The Department appeals the superior court's order.

The Department argues that the court's order is contrary to the distribution formula in RCW 51.24.060(1) and well-established case law that requires that the Department's lien be satisfied prior to the claimant receiving any amount of the settlement beyond that provided for in RCW 51.24.060(1)(b). Additionally, the Department states that the third party settlement must explicitly allocate pain and suffering damages, which Boley failed to do. Boley argues that he is entitled to present such evidence of his pain and suffering damages to the Board.

We agree with the Department and hold that, because the superior court's order is contrary to RCW 51.24.060(1) and well-established case law, the court erred. We vacate the superior court's order and reinstate the Department's distribution order.

FACTS

I. LEGAL BACKGROUND

Under the Industrial Insurance Act (IIA), Title 51 RCW, a worker injured in the course of their employment by a third party can sue the responsible third party and file a claim for workers' compensation benefits with the Department. If the Department allows the claim and pays industrial insurance benefits to the injured worker (claimant), the Department has a statutory lien on any recovery under RCW 51.24.030.

The Department must be notified by the claimant of any third party potential settlement and the Department's lien must be satisfied out of the settlement. RCW 51.24.030(2); RCW 51.24.060(1). The Department may not use settlement funds allocated to pain and suffering to satisfy its lien. *Tobin v. Dep't of Labor & Indus.*, 169 Wn.2d 396, 404, 239 P.3d 544 (2010). Any

2

allocation for the claimant's pain and suffering must be made in the settlement. RCW 51.24.060; *Jones v. City of Olympia*, 171 Wn. App. 614, 628-29, 287 P.3d 687 (2012). RCW 51.24.090(1) provides, "Any compromise or settlement of the third party cause of action by the injured worked or beneficiary which results in less than the entitlement under this title is void unless made with the written approval of the [D]epartment or self-insurer." After receiving a copy of the release and settlement, the Department issues a distribution order of the settlement funds under the formula in RCW 51.24.060(1).

## II. BOLEY'S CLAIM AND THE DEPARTMENT'S LIEN

In December 2015, Boley was a passenger in a company vehicle that was rear-ended and sustained a serious on-the-job injury. Two other passengers also were injured. The injuries were caused by the negligence of the driver of the other vehicle.

Boley filed a workers' compensation claim for his injuries with the Department, and the Department allowed his claim. Boley later informed the Department that he was negotiating a settlement with the negligent driver's insurance company. The Department notified Boley's counsel that it was asserting a statutory lien on any potential recovery as required under RCW 51.24.030(2) and informed Boley's counsel of the amount it had paid on Boley's workers' compensation claim. Boley's counsel acknowledged that any third party recovery would be subject to the Department's statutory lien.

The at-fault driver's insurance company tendered the driver's policy limits of $50,000, and Boley's employer's UIM carrier tendered its $1,000,000 policy limits in an interpleader action involving Boley and the other two injured passengers. As a result, the UIM carrier was dismissed by the superior court from the proceedings. While the interpleader action was ongoing, Boley

attempted to negotiate a statutory lien settlement with the Department and asked the Department to waive its lien. He sent emails asking the Department to allocate the entirety of the settlement amount in the interpleader action to his pain and suffering damages, but the Department objected, and they did not reach an agreement.

Boley and the two other injured passengers reached a settlement as to the division of funds interpleaded into the court. Boley settled the interpleader action for $637,500. At the time of the agreement, Boley had received $179,588.49 in workers' compensation benefits from the Department. The settlement did not differentiate between general and special damages and was silent as to pain and suffering allocution. However, it did require Boley to satisfy any liens, including "all liens of workers' compensation insurance." Clerk's Papers (CP) at 331.

The Department issued an order, calculating the statutorily defined recovery and distribution of Boley's settlement by using $637,500 of the recovery according to RCW 51.24.060's distribution formula. Although Boley's settlement was silent on any pain and suffering, the Department apportioned $318,500 to Boley's pain and suffering damages, $106,586.11 to his attorney for fees and costs, $86,913.89 to Boley himself, and $125,000.00 to the Department for benefits paid.[1]

---

[1] Under RCW 51.24.060(1)(a)-(c), the recovery is divided and distributed in the following order: (1) attorney fees are paid, (2) twenty-five percent of the balance goes to the plaintiff employee or beneficiary, and (3) the Department "shall be paid the balance of the recovery made, but only to the extent necessary to reimburse [it] for benefits paid." Any remaining balance is paid to the employee or beneficiary. RCW 51.24.060(1)(d).

IV. BOLEY APPEALS TO THE BOARD AND THE SUPERIOR COURT

Boley appealed the Department's distribution order to the Board, arguing he should receive the full amount of the settlement funds because his pain and suffering damages far exceeded the amount of benefits he was able to obtain in the settlement. He asked that the Department waive its lien. The Department moved for summary judgment. An industrial appeals judge (IAJ) granted summary judgment to the Department, and issued a proposed decision and order affirming the Department's order. The IAJ determined that Boley's third party settlement agreement (1) did not differentiate between general and special damages, (2) provided no express allocation for pain and suffering, and (3) the Department properly used the full settlement amount as the recovery figure in its distribution formula.

Boley petitioned the full Board for review. The Board adopted the IAJ's proposed decision and order. The Board found that (1) Boley had filed a third party claim for his injury that settled for a lump sum amount, (2) the settlement did not allocate any amount to pain and suffering, and (3) the Department correctly allocated $318,500 to pain and suffering in its distribution formula.

Boley appealed to the superior court, reiterating his earlier argument that he should receive the entire amount of the settlement. He also argued that his pain and suffering damages could not have been designated in the settlement amount below because he was not provided the chance to present evidence to the Board of his pain and suffering. The Department disagreed, arguing that the entire recovery amount was subject to distribution, and that under the statute outlining the distribution formula, the industrial insurance fund was entitled to be repaid.

The superior court found that Boley had not been provided "an opportunity to establish what portion of his third party recovery should be allocated to damages for pain and suffering."

CP at 498. The court concluded that "[a] genuine issue of material fact exists regarding the portion of Mr. Boley's third party recovery that should have been allocated to damages for pain and suffering." CP at 498. The court reversed summary judgment for the Department, reversed the Board's final order, and remanded for an evidentiary hearing to permit Boley to present evidence of his damages for pain and suffering.

The Department appeals.

ANALYSIS

I. STANDARDS OF REVIEW

The IIA governs judicial review of workers' compensation determinations. *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 179, 210 P.3d 355 (2009). Under the IIA, a worker aggrieved by the decision and order of the Board may appeal to the superior court. RCW 51.52.110. "The hearing in the superior court shall be de novo, but the court shall not receive evidence or testimony other than, or in addition to, that offered before the board or included in the [board] record." RCW 51.52.115. "[T]he findings and decision of the board shall be prima facie correct and the burden of proof shall be upon the party attacking the same." RCW 51.52.115. "If the court shall determine that the board has acted within its power and has correctly construed the law and found the facts, the decision of the board shall be confirmed; otherwise it shall be reversed or modified." RCW 51.52.115.

Generally, an appellate court's review of such a decision "'is limited to examination of the record to see whether substantial evidence supports the findings made after the superior court's de novo review, and whether the court's conclusions of law flow from the findings.'" *Nelson v. Dep't of Labor & Indus.*, 198 Wn. App. 101, 109, 392 P.3d 1138 (2017) (internal quotation marks

6

omitted) (quoting *Rogers*, 151 Wn. App. at 180). Unchallenged findings of fact, such as those here, are verities on appeal. *Rush v. Blackburn*, 190 Wn. App. 945, 956, 361 P.3d 217 (2015).

However, where we are reviewing an order for summary judgment, we review de novo whether summary judgment is appropriate. *Nelson*, 198 Wn. App. at 109. Summary judgment is appropriate "if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). "Although we may substitute our judgment for that of the agency on issues of law, we give great weight to the agency's interpretation of the law it administers." *Jones*, 171 Wn. App. at 621.

## II.  SETTLEMENT SUBJECT TO DISTRIBUTION

The Department argues that the superior court erred by reversing the Board's summary judgment decision and remanding for a hearing to allow Boley to present evidence of his pain and suffering damages after the settlement of the third party interpleader action. The Department maintains that the statute and well-established case law preclude Boley from an after-the-fact allocation. Boley argues that the superior court did not err and that under *Tobin*, he should be allowed to present evidence of pain and suffering to the Board to determine the proper allocation. He argues that his entire third party settlement should be allocated to his pain and suffering damages because they far exceeded the amount of the settlement.

But Boley was required and failed to designate any portion to pain and suffering damages in the third party settlement. Thus, the Department correctly applied the statutory distribution

formula.[2]  We hold that the superior court erred by reversing the Board's distribution order and remanding for an evidentiary hearing on Boley's pain and suffering damages.

A.  LEGAL PRINCIPLES

"[A]ny recovery" obtained from a responsible third party suit "shall be distributed" according to RCW 51.24.060(1)'s distribution formula.  RCW 51.24.060(1).  The distribution formula requires payment in the following order: (a) attorney fees and costs, (b) twenty-five percent to the injured worker free of any claim by the Department, (c) to the Department, "the balance of the recovery made, but only to the extent necessary to reimburse the [D]epartment . . . for benefits paid," and (d) to the injured worker, "[a]ny remaining balance."  RCW 51.24.060(1).  The third party reimbursement statute has several purposes:  (1) to protect the workers' compensation funds by reimbursing them from third party recoveries, (2) to ensure "'the accident and medical funds are not charged for damages caused by'" third parties, and (3) to prevent workers from receiving a double recovery.  *Gersema v. Allstate Ins. Co.*, 127 Wn. App. 687, 693, 112 P.3d 552 (2005) (internal quotation marks omitted) (quoting *Mandery v. Costco Wholesale Corp.*, 126 Wn. App. 851, 855, 110 P. 3d 788 (2005).

In *Tobin*, our Supreme Court held that the Department cannot include the portion of a third party settlement that has been designated for pain and suffering damages in the amount that is subject to its distribution calculation.  169 Wn.2d at 404.  However, subsequent cases clarified that when a claimant fails to designate a portion of their third party settlement to pain and suffering damages, the entire settlement amount becomes subject to the statutory recovery and distribution

---

[2] We note that although the Department was not statutorily required to, the Department did allocate some amount of the settlement to Boley for his pain and suffering.

formula in RCW 51.24.060(1). *Jones*, 171 Wn. App. at 624-29, (citing *Davis v. Dep't of Labor & Indus.*, 166 Wn. App. 494, 495-98, 268 P.3d 1033 (2012); *Gersema*, 127 Wn. App. at 695-96; *Mills v. Dep't of Labor & Indus.,* 72 Wn. App. 575, 865 P.2d 41 (1994)). These well-established principles apply to Boley's third party settlement.

B. ANALYSIS

Here, Boley settled his claim for $637,500. The settlement agreement did not differentiate between general and special damages, nor did it separately allocate any portion of the settlement for Boley's pain and suffering damages as required. As a result, the Department could have distributed the entire unallocated amount of Boley's settlement to repayment of its lien under RCW 51.24.060. However, the Department decided instead to compromise its lien and allocate fifty percent, or $318,500, of the settlement amount to Boley's pain and suffering damages, an allocation the Department determined to be reasonable. The Department correctly applied its distribution formula consistent with RCW 51.24.060(1), well-established case law, and the legislative policy that the industrial insurance fund should be reimbursed after an injured worker recovers a third party settlement.

Boley argues that the Department misapplied the distribution formula to his third party settlement. Our Supreme Court held in *Tobin* that the Department is not authorized under the IIA to include the portion of a worker's settlement allocated to pain and suffering in its distribution calculation. 169 Wn.2d at 404. However, *Davis*, decided post-*Tobin*, clarified that *Tobin* does not apply to unallocated settlements. *Davis*, 166 Wn. App. at 495. In *Davis*, the worker settled the third party claim without allocating damages for pain and suffering. 166 Wn. App. at 496. On appeal, the worker argued that the Department or the Board in a post-settlement hearing should

allocate a portion of the settlement to pain and suffering damages. *Davis*, 166 Wn. App. at 498. The *Davis* court rejected this argument and held that a remand and recalculation of the distribution order was not proper and recalculation would be inherently speculative. 166 Wn. App. at 501-03.

Similarly, in *Jones*, the worker's settlement agreement with a third party also did not expressly allocate an amount for pain and suffering damages. 171 Wn. App. at 628-29. The *Jones* court held that the entire third party settlement amount is subject to statutory recovery and distribution when a claimant fails to designate a portion of the settlement to pain and suffering damages. 171 Wn. App. at 628-29.

Likewise, in *Gersema*, the court rejected an injured worker's argument that general damages should be decided through a post-third party settlement process. 127 Wn. App. at 697-98. And in *Mills*, the court rejected the worker's argument that a portion of the third party settlement should be allocated by the Department to loss of consortium damages. 72 Wn. App. at 577-78. The *Mills* court held that "the parties to the settlement have the ability to control the outcome simply by allocating a certain amount or percentage of the settlement to the spousal loss of consortium claim." 72 Wn. App. at 577-78.[3]

---

[3] The concurrence claims that the applicable statutes and the controlling case law place injured workers attempting to settle third party claims in a difficult situation and are unfair. However, we note that the injured worker is in complete control of the settlement process and settlement terms in the third party suit; whereas the Department has no control, or even any say, in that settlement process and terms. Thus, it must be incumbent upon the injured worker to safeguard its own interests in its settlement with the third party. To the extent an injured worker attempts to negotiate an unfair settlement, the Department's only recourse is to follow the applicable statutes and controlling case law, which is fair.

No. 54884-4-II

Applying *Davis, Jones, Gersema,* and *Mills*, Boley could have allocated an amount for pain and suffering damages in his third party settlement but failed to do so. As a result, Boley's entire settlement is subject to the statutory recovery and distribution as determined by the Department.

CONCLUSION

Because Boley failed to allocate any portion of his settlement to pain and suffering as required under RCW 51.24.060 and the Department correctly distributed Boley's settlement, the Board is entitled to summary judgment as a matter of law. Thus, we hold that the superior court erred by reversing the Board's order and remanding for a hearing on Boley's pain and suffering damages. We vacate the superior court's order and reinstate the Board's distribution order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

I concur:

LEE, C.J.

11

MAXA, J. (concurring) – I agree with the lead opinion. I write separately to highlight the fact that the applicable statutes and the controlling case law place injured workers attempting to settle third party claims in a difficult situation.

Under *Tobin v. Department of Labor and Industries*, the Department of Labor and Industries (DLI) cannot include the portion of an injured worker's settlement with a third party that is allocated to pain and suffering in the distribution formula mandated by RCW 51.24.060(1). 169 Wn.2d 396, 404, 239 P.3d 544 (2010). But the cases clearly state that the full amount of an injured worker's settlement is subject to the RCW 51.24.060(1) distribution formula unless the settlement expressly allocates a portion to pain and suffering. *E.g.*, *Jones v. City of Olympia*, 171 Wn. App. 614, 628-29, 287 P.3d 687 (2012).

However, RCW 51.24.090(1) states that any third party settlement "which results in less than the entitlement" under title 51.24 RCW is void. This means that if an injured worker does allocate an amount of a third party settlement to pain and suffering, DLI can void the entire settlement if it does not agree with that allocation. So the injured worker is placed at the mercy of DLI. Unless DLI agrees with the worker's proposed allocation, DLI can simply void the worker's settlement. And the statutes provide no mechanism for a judicial determination – either by an administrative law judge or by the superior court – of what constitutes a reasonable allocation to pain and suffering.

Here, DLI could have subjected William Boley's entire settlement to the RCW 51.24.060(1) distribution formula, but instead elected to allocate an amount it believed was reasonable to pain and suffering. Under the current statutory scheme, DLI could have imposed that same allocation by applying RCW 51.24.090(1) even if Boley had allocated a greater amount to pain and suffering in his settlement. This result seems unfair.

_____
MAXA, J.