## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STUART F. MCCOLL, a married man dealing with his separate property, | No. 50998-9-II |
| Appellant, | |
| v. | PUBLISHED OPINION |
| GEOFFREY A. ANDERSON, a married man dealing with his separate property, | |
| Respondent. | |

MAXA, C.J. – Stuart McColl filed a declaratory judgment action against Geoffrey

Anderson, seeking a declaration that McColl had prescriptive easements regarding a water

distribution system and related water lines on Anderson's property. The trial court granted

summary judgment in favor of Anderson. The court also awarded Anderson attorney fees under

RCW 7.28.083(3), which gives the trial court discretion to award attorney fees to the prevailing

party in "an action asserting title to real property by adverse possession." McColl appeals only

the trial court's attorney fee award.

We hold that the trial court erred in awarding attorney fees because McColl's action

seeking a declaration that he had prescriptive easements on Anderson's property was not "an

action asserting title to real property" as required under RCW 7.28.083(3). Accordingly, we

reverse the trial court's award of attorney fees to Anderson under RCW 7.28.083(3).

FACTS

In March 2017, McColl filed a lawsuit against Anderson entitled, "Complaint for

Declaratory Judgment for an Easement and Injunction." Clerk's Papers at 28-33. The complaint

alleged that (1) McColl owned property in Port Angeles and that Anderson owned adjoining property; (2) the potable water supply for McColl's property had come from a water distribution system located on Anderson's property for over 10 years, (3) water lines run from the water distribution system to McColl's property, and (4) the water distribution system and water lines had been in place for over 10 years.

McColl's complaint further asserted that he had prescriptive easements to the water distribution system and water lines and a maintenance prescriptive easement to cross Anderson's property and access the water distribution system and lines. In his prayer for relief, McColl requested a declaration establishing the claimed prescriptive easements. He also requested an injunction to prevent Anderson from having any involvement with the water distribution system.

Anderson filed a summary judgment motion, arguing that McColl's complaint should be dismissed because state law prohibited the acquisition of water rights by prescriptive easement and because McColl could not establish all the requirements for a prescriptive easement. The trial court granted summary judgment in favor of Anderson, dismissed McColl's complaint, and denied McColl's motion for reconsideration. The court also awarded Anderson $35,610 in attorney fees under RCW 7.28.083(3).

McColl appeals the trial court's attorney fee award.

## ANALYSIS

A.      STANDARD OF REVIEW

Whether the trial court properly awarded attorney fees to Anderson requires us to interpret the language of RCW 7.28.083(3). Statutory interpretation is a matter of law that we review de novo. *Jametsky v. Olsen*, 179 Wn.2d 756, 761, 317 P.3d 1003 (2014). The purpose of

statutory interpretation is to determine and give effect to the legislature's intent. *Gray v. Suttell & Assocs.*, 181 Wn.2d 329, 339, 334 P.3d 14 (2014).

To determine legislative intent, we first look to the plain language of the statute, considering the text of the provision, the context of the statute, related provisions, and the statutory scheme as a whole. *Id.* We give words their usual and ordinary meaning. *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). And we cannot rewrite plain statutory language under the guise of construction. *Jespersen v. Clark County*, 199 Wn. App. 568, 578, 399 P.3d 1209 (2017).

Similarly, whether a trial court has authority to award attorney fees under a statute is an issue that we review de novo. *Niccum v. Enquist*, 175 Wn.2d 441, 446, 286 P.3d 966 (2012).

B.    APPLICATION OF RCW 7.28.083(3)

McColl argues that the attorney fee provision of RCW 7.28.083(3) does not apply under the facts here. We agree.

RCW 7.28.083(3) gives the trial court discretion to award attorney fees to the prevailing party "in an action asserting title to real property by adverse possession." The question here is whether McColl's lawsuit seeking a declaratory judgment that he had prescriptive easements relating to the water distribution system and the water lines on Anderson's property constituted "an action asserting title to real property." RCW 7.28.083(3).

1.    Prescriptive Easement

A prescriptive easement arises when one person uses a portion of another person's land for a period of 10 years and that use was (1) open and notorious, (2) continuous or uninterrupted, (3) occurred over a uniform route, (4) was adverse to the property owner, and (5) occurred with

3

the owner's knowledge at a time when the owner was able to assert and enforce his or her rights. *Gamboa v. Clark*, 183 Wn.2d 38, 43, 348 P.3d 1214 (2015).

An easement is a nonpossessory right to use the land of another. *Zonnebloem, LLC v. Blue Bay Holdings, LLC*, 200 Wn. App. 178, 183, 401 P.3d 468 (2017). The easement holder has a property interest in the land subject to an easement. *Id.* That property interest is separate from ownership of the land. *810 Properties v. Jump*, 141 Wn. App. 688, 696, 170 P.3d 1209 (2007).

2.     Easement Claim as Action Asserting Title

An easement is an interest in real property. *Zonnebloem*, 200 Wn. App. at 183. However, that interest involves the *use* of property and does not grant *title* to the property. *See Kiely v. Graves*, 173 Wn.2d 926, 936, 271 P.3d 226 (2012). Similarly, an easement represents a burden on the property subject to the easement. *Zonnebloem*, 200 Wn. App. at 184. But again that burden does not provide *title* to the property. Unlike adverse possession, a prescriptive easement does not quiet title to land.[1] *See Kunkel v. Fisher*, 106 Wn. App. 599, 603, 23 P.3d 1128 (2001).

The plain language of RCW 7.28.083(3) allows an award of attorney fees only in an action asserting title to real property, not in an action asserting a property interest but no title. We cannot rewrite the statute by disregarding this language. *Jespersen*, 199 Wn. App. at 578.

---

[1] Division One of this court stated (albeit in a footnote) that a judgment quieting title was not available as relief in an action to establish a prescriptive easement. *See Crescent Harbor Water Co. v. Lyseng*, 51 Wn. App. 337, 339 n.3, 753 P.2d 555 (1988).

Because a prescriptive easement claim does not actually assert title to property, RCW

7.28.083(3) does not apply to McColl's prescriptive easement lawsuit.[2]

CONCLUSION

We reverse the trial court's award of attorney fees to Anderson under RCW 7.28.083(3)

and vacate the attorney fee judgment.

MAXA, C.J.

We concur:

BJORGEN, J.

LEE, J.

---

[2] Anderson requests an award of his attorney fees on appeal under RCW 7.28.083(3). Because we hold that RCW 7.28.083(3) is inapplicable, Anderson is not entitled to attorney fees on appeal.