# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| SKIPPER WILLIAM KUZIOR AND IMMEDIATE FAMILY, | No. 51913-5-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| TACOMA SCHOOL DISTRICT LINCOLN TREE FARM, | |
| Respondent. | |

MAXA, C.J. – Skipper William Kuzior appeals the trial court's order granting summary judgment, which dismissed Kuzior's claims against the Tacoma School District, quieted title to property on the District's Lincoln Tree Farm, and stated that Kuzior did not hold an easement on the Lincoln Tree Farm.

We hold that the trial court did not err in granting summary judgment because Kuzior failed to present evidence that raised a genuine issue of material fact regarding title to the disputed portion of Lincoln Tree Farm property and the existence of an easement on that property. We decline to consider Kuzior's apparent arguments that the District committed a "taking" of his property, that the District's attorney committed slander of title regarding his easement, and that he is entitled to a prescriptive easement over the Lincoln Tree Farm. Accordingly, we affirm the trial court's grant of summary judgment in favor of the District.

FACTS

Kuzior owns property located in Graham. Kuzior's property is located north of property the District owns, which is known as the "Lincoln Tree Farm."

In October 2017, Kuzior filed a lawsuit against the District. He alleged that a contractor for the Lincoln Tree Farm had illegally harvested five acres of timber that was located on his property and had destroyed a gate, a fence, and a lean-to on his property. Kuzior also claimed that the District through fraudulent surveys had stolen 1,102 feet from his property. He requested payment for the timber that was harvested, replacement of the lean-to that was destroyed, clear demarcation of the property line between his property and the Lincoln Tree Farm, and access through an owned easement on the Lincoln Tree Farm property.

The District moved for summary judgment, arguing that there was no genuine dispute regarding the location of the property line, that the conduct Kuzior challenged occurred on the Lincoln Tree Farm property, and that Kuzior had no easement rights on the Lincoln Tree Farm property. The District requested that the court dismiss all of Kuzior's claims and quiet title to the Lincoln Tree Farm property.

The District relied on the declaration of Daniel Roupe, a licensed surveyor. Roupe reviewed the title reports and existing surveys for the two properties, and he surveyed the boundary line between the properties. Roupe determined that the boundary line he located was accurate to within three inches of the monuments placed according to a recorded survey conducted by Wilsey & Ham, Inc. Based on this boundary line, Roupe concluded that the challenged timber harvest, the removed gate, the lean-to, and a sacred fir tree Kuzior referenced in his complaint all were located on the Lincoln Tree Farm property. Roupe also determined Kuzior did not have any recorded easement burdening any portion of the Lincoln Tree Farm.

2

Kuzior filed a declaration with attached exhibits in opposition to summary judgment. The District moved to strike Kuzior's declaration because it was not timely submitted and he was not qualified to express opinions on surveying, boundary, or easement issues. The trial court struck Kuzior's declaration.

At oral argument, Kuzior agreed to the dismissal of his claims relating to the timber harvest and the destruction of the gate and lean-to. Kuzior's opposition to summary judgment was limited to quieting title to the property at issue and the existence of an easement.

During the hearing on summary judgment, the District relied in part on the Wilsey & Ham survey. The court considered a color coded version of that survey submitted by the District, which Kuzior already had in his possession. Kuzior did not object to the court considering that version of the survey.

The trial court granted summary judgment in the District's favor, dismissing all of Kuzior's claims and quieting title to the Lincoln Tree Farm property in favor of the District consistent with the Wilsey & Ham survey. The court also concluded that Kuzior did not own or benefit from any easement over any portion of the Lincoln Tree Farm. Kuzior appeals the trial court's summary judgment order.

## ANALYSIS

### A.   GRANT OF SUMMARY JUDGMENT

Kuzior appears to argue that the trial court erred in granting summary judgment in dismissing his quiet title and easement claims on summary judgment. The District contends that there is no support in the record for either of Kuzior's claims. We agree with the District.

1.  Summary Judgment Standard

We review a trial court's decision on a summary judgment motion de novo. *Zonnebloem, LLC v. Blue Bay Holdings, LLC*, 200 Wn. App. 178, 182, 401 P.3d 468 (2017). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id*.; CR 56(c). A genuine issue of material fact exists if reasonable minds could disagree on the conclusion of a factual issue. *Zonnebloem*, 200 Wn. App. at 182-83. We view all facts and reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. *Id.* at 182.

The moving party bears the initial burden of proving that there is no genuine issue of material fact. *Id.* at 183. Once a moving defendant shows that there is an absence of evidence to support the plaintiff's case, the burden shifts to the plaintiff to present specific facts that rebut the defendant's contentions and show a genuine issue of material fact. *Id*.

2.  Quiet Title Claim

Kuzior appears to argue that the trial court erred in dismissing his quiet title claim to a portion of the Lincoln Tree Farm property because there remain genuine issues of material fact as to the location of the property line between his property and the Lincoln Tree Farm property. We disagree.

A quiet title action is equitable and is designed to resolve competing ownership claims to property. *Bavand v. OneWest Bank, FSB*, 176 Wn. App. 475, 502, 309 P.3d 636 (2013). RCW 7.28.010 states,

> Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein, and may have judgment in such action quieting or removing a cloud from plaintiff's title.

RCW 7.28.120 further provides that in a quiet title action, "[t]he plaintiff ... shall set forth in his or her complaint the nature of his or her estate, claim, or title to the property, and the defendant may set up a legal or equitable defense to plaintiff's claims; and the superior title, whether legal or equitable, shall prevail."

Here, Kuzior claimed that the District's timber harvest and removal of a metal gate and a lean-to all occurred on his property. But the District presented evidence from Roupe that the boundary line located on the Wilsey & Ham survey was accurate, and that based on that boundary line the harvested timber, gate, and lean-to all were located on the Lincoln Tree Farm property. That evidence shifted the burden to Kuzior to present specific facts that would create a genuine issue of material fact as to the ownership of the property at issue. *Zonnebloem*, 200 Wn. App. at 183.

Kuzior presented no such evidence. The only evidence he presented in opposition to summary judgment was his declaration. But the trial court struck that declaration and the attached exhibits. Therefore, Kuzior did not create a genuine issue of fact.

On appeal, Kuzior appears to claim that the District removed 1,102 linear feet from his property through a boundary line adjustment or adverse possession. But there is no evidence in the summary judgment record that supports this claim. Kuzior also claims that the Wilsey & Ham survey and the Roupe survey were fraudulent and invalid for various reasons. But again, there is no evidence in the summary judgment record that supports these claims.

Finally, Kuzior seems to argue that the trial court was confused by a color coded version of the Wilsey & Ham survey that the District submitted during oral argument. But Kuzior did not object to the court's consideration of this exhibit.

Kuzior's quiet title claim was premised on some degree of ownership of the Lincoln Tree Farm. But Kuzior failed to make a showing sufficient to establish any genuine factual issues regarding his interest in or right to possess the property. Therefore, we affirm the trial court's grant of summary judgment in favor of the District quieting title to the Lincoln Tree Farm property.

3. Easement Claims

Kuzior appears to argue that he holds an easement over part of the Lincoln Tree Farm property. The District contends that this claim is not supported by the record. We agree with the District.

"An easement is a nonpossessory right to use the land of another." *McColl v. Anderson*, 6 Wn. App. 2d 88, 92, 429 P.3d 1113 (2018). The easement holder has a property interest in the land and the easement represents a burden on the land. *Id*. Easements may be created by written instrument or by adverse possession. *810 Props. v. Jump*, 141 Wn. App. 688, 696, 170 P.3d 1209 (2007).

Here, Kuzior claimed that he had an easement on the Lincoln Tree Farm property. But the District presented evidence that the title report showed that Kuzior did not own or benefit from any easement on that property. That evidence shifted the burden to Kuzior to present specific facts that would create a genuine issue of material fact as to the existence of an easement. *Zonnebloem*, 200 Wn. App. at 183.

Kuzior presented no such evidence. The only evidence he presented in opposition to summary judgment was his declaration. But the trial court struck that declaration and the attached exhibits. Therefore, Kuzior did not create a genuine issue of fact.

On appeal, Kuzior makes vague claims about the existence of certain easements. But he does not identify these alleged easements with particularity and or show that they were on the Lincoln Tree Farm property.

Kuzior failed to make a showing sufficient to establish any genuine fact issues regarding his ownership of an easement on the Lincoln Tree Farm property. Therefore, we affirm the trial court's grant of summary judgment in favor of the District on the issue of the existence of an easement on the Lincoln Tree Farm property.

B.     UNPRESERVED CLAIMS

For the first time on appeal, Kuzior appears to argue that (1) the District committed a "taking" of his property without paying just compensation; (2) the District's attorney committed slander of title regarding his easement; and (3) he is entitled to a prescriptive easement on the Lincoln Tree Farm. We decline to consider these arguments.

First, Kuzior did not allege in his complaint that the District committed a "taking" of his property. The failure to plead a cause of action precludes a party from raising that cause of action for the first time on appeal. *See Reagan v. Newton*, 7 Wn. App. 2d 781, 801-02, 436 P.3d 411, *review denied*, 193 Wn.2d 1030 (2019). In any event, this claim appears to be based on the allegation that the District somehow moved the property boundary. As noted above, no evidence in the summary judgment record supports this allegation.

Second, Kuzior now claims that the District's attorney committed slander of title in conjunction with oral argument of the summary judgment motion. But he did not raise this claim or move to amend his complaint at the time. Once again, this failure precludes him from raising this claim for the first time of appeal. *Reagan*, 7 Wn. App. 2d at 801-02. In any event, there is no evidence in the summary judgment record that supports a slander of title claim.

Third, regarding a prescriptive easement, Kuzior did allege the existence of an easement in his complaint. But he did not plead or argue in the trial court that he was entitled to an easement by prescription. We generally will not consider an argument raised for the first time on appeal. *Cameron v. Atl. Richfield Co.*, 8 Wn. App.2d 795, 811, 442 P.3d 31 (2019). In any event, no evidence in the summary judgment record supports a finding of a prescriptive easement.

C.    ATTORNEY FEES ON APPEAL

The District requests that we award reasonable attorney fees on appeal, arguing that Kuzior's appeal is frivolous. We decline to award attorney fees to the District.

CONCLUSION

We affirm the trial court's order granting summary judgment dismissal of Kuzior's claims.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, C.J.

We concur:

MELNICK, J.

GLASGOW, J.

8