**NOTICE:  SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

Filed
Washington State
Court of Appeals
Division Two

July 5, 2023

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KEVIN MILLER, | No. 57112-9-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF REVENUE, | PUBLISHED OPINION |
| Respondent. | |

VELJACIC — In this interlocutory appeal, we granted discretionary review of the trial court's order granting the Department of Revenue's (DOR) motion for partial summary judgment and denying Kevin Miller's motion for partial summary judgment in his lawsuit against the DOR under the Public Records Act (PRA), chapter 42.56 RCW. Miller argues that the trial court erred in concluding that the DOR did not wrongfully withhold two unpublished tax determinations because those records were not fully exempt from disclosure. Miller also requests attorney fees and costs on appeal.

We hold that the trial court did not err in concluding that the two unpublished tax determinations were fully exempt from disclosure because they constitute confidential "tax information" within the meaning of RCW 82.32.330(1)(c). We also deny Miller's request for attorney fees and costs because he is not the prevailing party on appeal. Accordingly, we affirm the trial court's order granting the DOR's motion for partial summary judgment and denying Miller's motion for partial summary judgment, and remand for further proceedings.

57112-9-II

FACTS

I.      TAX DETERMINATIONS

At issue in this case is the DOR's refusal to release redacted versions of two unpublished tax determinations in response to Miller's PRA requests: Revenue Determination No. 10-0106 and Revenue Determination No. 12-0159.

Tax determinations are written determinations issued to a taxpayer by the DOR following an informal hearing, if any, regarding the taxpayer's challenge to a tax assessment, tax collection, or refund denial.  WAC 458-20-100(1), (5)(e).  These written determinations must be consistent with the applicable statutes, rules, other public guidance issued by the DOR, case law, and DOR precedents.  WAC 458-20-100(5)(e).  The written determination "is the final decision of the [DOR] and is binding upon the taxpayer."  WAC 458-20-100(5)(g).  The taxpayer can then appeal the DOR's decision to the Board of Tax Appeals.  WAC 458-20-100(8).  The taxpayer may also pay the tax in dispute and petition for a refund in Thurston County Superior Court, so long as the taxpayer complies with the requirements of RCW 82.32.180.  WAC 458-20-100(9).

The DOR has the discretionary authority to "designate certain written determinations as precedents."  RCW 82.32.410(1).  If a written determination is designated as a precedent, then it "shall be made available for public inspection and shall be published by the [DOR]."  RCW 82.32.410(1)(b).  However, before making a written determination available for public inspection, the DOR is directed to delete certain taxpayer-specific information.  RCW 82.32.410(2)(a)-(b).

Dan Jansen, the assistant director for the Administrative Review and Hearings Division for the DOR, testified via declaration that following the issuance of a written determination, the tax review officer and two DOR managers vote on whether it should be published.  Other divisions of the DOR can request publication of an already issued determination if they feel that a

2

determination meets the publication criteria. Additionally, the taxpayer can also request publication.

Once recommended for publication, a determination goes through an internal and external review process, which involves multiple parties. During the internal review process, the determination is sanitized of confidential tax information before publication, as discussed above. These published determinations are referred to as Washington Tax Decisions and are available on the DOR's website.

Jansen testified that Determination No. 10-0106 and Determination 12-0159 are both unpublished tax determinations. In each determination, a single taxpayer went through the process of an informal administrative appeal and received the DOR's final decision on the tax question. Both Determination No. 10-0106 and Determination No. 12-0159 were evaluated for possible publication under the DOR's published publication criteria, and in neither case did the DOR choose to publish the determinations. Additionally, both determinations identify the taxpayer, describe the activity of the taxpayer giving rise to the disputed tax liability, provide such other information about the taxpayer or its transactions as is relevant to the tax question, and resolve the tax question.

II.     THE PUBLIC RECORDS REQUESTS LEADING TO THIS INTERLOCUTORY APPEAL

Miller submitted several public records requests to the DOR seeking to clarify the applicable local tax rate for boats and planes purchased out of state under the "first use" rule. Clerk's Papers (CP) at 75.

In one of his public records requests, Miller asked the DOR to produce "Email or text messages to or from Kiki Prindel or Wan Chen between Oct[ober] 28, 2020 and Dec[ember] 31, 2020 related to (A) aircraft use tax or (B) use tax sourcing." Clerk's Papers (CP) at 18, 36. The

DOR acknowledged Miller's request and produced responsive records via a hyperlink along with an exemption log.

One of the records that the DOR identified on the exemption log was an e-mail with Determination No. 12-0159 listed as an attachment. The DOR claimed that the record was fully exempt from public disclosure because it constituted tax information under RCW 82.32.330.

The DOR also produced an agenda for an internal meeting scheduled for November 19, 2020. The agenda described that a workgroup would examine the topic of where first use occurs for use tax purposes. The agenda referenced Determination No. 10-0106 and Determination No. 12-0159 under the heading "relevant laws & other materials." CP at 84. With respect to Determination No. 12-0159, the agenda noted: "Does this determination lend itself to apply more broadly than just use tax on aircraft?" CP at 84.

Miller believed that "Determination 10-0106 contain[ed] an important interpretation of the 'first use' law" and "could not imagine why Determination 10-0106 would appear on the agenda— or be characterized as relevant law—if it did not constitute some kind of precedent." CP at 76. Accordingly, on April 12, Miller sent a separate public records request to the DOR for Determination 10-0106. The DOR denied Miller's request and withheld Determination 10-0106 in full again claiming that the record was fully exempt from disclosure because it constituted tax information under RCW 82.32.330.

Miller petitioned the DOR for internal review regarding its denial to disclose both unpublished tax determinations. The DOR denied both petitions.

III.    PROCEDURAL HISTORY

On December 27, 2021, Miller filed an amended complaint in Thurston County Superior Court, alleging that the DOR violated the PRA in four of his public records requests by: failing to

4

57112-9-II

perform adequate searches, improperly withholding documents, failing to promptly produce records, and overcharging for records. Miller further alleged that the DOR failed to adopt rules as required by RCW 82.32.410(1)(a) for deciding when excise tax determinations must be publicly disclosed and requested injunctive relief. Miller also requested daily penalties, attorney fees, and costs.

On March 22, 2022, the trial court entered an order separating the case into four phases to address Miller's claims in an orderly fashion. During the first phase, Miller and the DOR filed cross-motions for partial summary judgment addressing the DOR's failure to adopt rules for publishing tax determinations and the DOR's withholding of Determination 10-0106 and Determination 12-0159.

On June 24, the court concluded that the rulemaking claim was not properly before the court and declined to address the issue.[1] The court also concluded that the DOR properly withheld the two unpublished tax determinations in their entirety rather than produce redacted versions. Accordingly, the trial court entered an order granting the DOR's motion for partial summary judgment and denying Miller's motion for partial summary judgment.

The parties stipulated that the question of whether the DOR violated the PRA by fully withholding the two unpublished tax determinations instead of releasing them with confidential tax information redacted should be certified for an immediate appeal. Accordingly, pursuant to RAP 2.2(d) and CR 54(b), the trial court certified the issue for immediate appeal to this court and put the remaining issues on hold.

---

[1] Miller does not seek to review the trial court's order dismissing his rulemaking claim.

5

57112-9-II

ANALYSIS

Miller and the Amici[2] argue that the trial court erred in granting the DOR's motion for partial summary judgment and denying Miller's motion for partial summary judgment because the DOR violated the PRA by withholding two unpublished tax determinations from public disclosure.[3] We disagree.

I.      STANDARD OF REVIEW

"We review de novo questions of statutory interpretation and challenges to agency actions under the PRA." *Associated Press v. Wash. State Legis.*, 194 Wn.2d 915, 920, 454 P.3d 93 (2019); RCW 42.56.550(3). "We also review de novo summary judgment orders, undertaking the same inquiry as the trial court and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Associated Press*, 194 Wn.2d at 920. "Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 920; CR 56(c).

The primary goal in interpreting a statute is to determine and give effect to the legislature's intent. *Green v. Pierce County*, 197 Wn.2d 841, 849-50, 487 P.3d 499 (2021). "'[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent.'" *Id.* at 850 (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146

---

[2] We received amicus briefing from Tax Analysts, the Council on State Taxation, and the Washington Coalition for Open Government (WCOG).

[3] In footnote 2 of his opening brief, Miller directs our attention to RCW 82.32.410(1)(c), which states that, "The department shall disclose any written determination upon which it relies to support any assessment of tax, interest, or penalty against such taxpayer." Miller contends, without further argument, that "[i]n summary judgment proceedings, DOR never denied that it relied on Determination 10-0106 to support a tax assessment." Br. of Appellant at 8 n.2. To the extent that Miller claims the trial court's order should be reversed on this ground, such an argument is outside the scope of this certified appeal. Accordingly, we decline to further address the issue.

6

Wn.2d 1, 9-10, 43 P.3d 4 (2002)). In discerning plain meaning, "we consider the language of the statute, the context of the statute, related statutes, and the statutory scheme as a whole." *Ekelmann v. City of Poulsbo*, 22 Wn. App. 2d 798, 807, 513 P.3d 840 (2022). "If the statute is susceptible to more than one reasonable interpretation, then the statute is ambiguous and the court turns to legislative history." *Green*, 197 Wn.2d at 850. But our "interpretation ends if the plain language is unambiguous." *Ekelmann*, 22 Wn. App. 2d at 807.

"We do not 'rewrite plain statutory language under the guise of construction." *Id.* at 807 (quoting *McColl v. Anderson*, 6 Wn. App. 2d 88, 91, 429 P.3d 1113 (2018)). "'Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous.'" *Associated Press*, 194 Wn.2d at 920 (quoting *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996)). We may not add words where the legislature did not include them when interpreting a statute. *Nelson v. Dep't of Labor & Indus.*, 198 Wn. App. 101, 110, 392 P.3d 1138 (2017). Furthermore, "[w]e presume the legislature does not intend absurd results and we interpret statutory language to avoid absurdity." *State v. Pratt*, 11 Wn. App. 2d 450, 461, 454 P.3d 875 (2019).

II.     THE PRA AND THE TAX INFORMATION EXEMPTION

"The PRA is a 'strongly worded mandate for [the] broad disclosure of public records.'" *Green*, 197 Wn.2d at 850 (quoting *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978)). "The PRA's primary purpose is to foster governmental transparency and accountability by making public records available to Washington's citizens." *Doe ex rel. Roe v. Wash. State Patrol*, 185 Wn.2d 363, 371, 374 P.3d 63 (2016).

"The text of the PRA directs that it be 'liberally construed and its exemptions narrowly construed . . . to assure that the public interest will be fully protected.'" *Id.* (quoting RCW

7

42.56.030). If another statute and the PRA conflict, the provisions of the PRA govern. RCW 42.56.030. "[T]he agency bears the burden to prove that its refusal to disclose the records is in accordance with the law." *Green*, 197 Wn.2d at 850; RCW 42.56.550(1).

Under the PRA, agencies are required to make public records available for inspection and copying "unless the record falls within the specific exemptions of . . . this chapter, or other statute which exempts or prohibits disclosure of specific information or records."[4] RCW 42.56.070(1); *see also Green*, 197 Wn.2d at 850.

One specific exemption under "this chapter" is RCW 42.56.230, which exempts certain personal information from public disclosure. In relevant part, that statute provides that,

> The following personal information is exempt from public inspection and copying under this chapter:
> . . . .
> (4) *Information required of any taxpayer in connection with the assessment or collection of any tax if the disclosure of the information to other persons would: (a) Be prohibited to such persons by* RCW 84.08.210, *82.32.330*, 84.40.020, 84.40.340, or any ordinance authorized under RCW 35.102.145; or (b) violate the taxpayer's right to privacy or result in unfair competitive disadvantage to the taxpayer.

RCW 42.56.230(4) (emphasis added). Our inquiry is limited to the cross reference to RCW 82.32.330 because the parties dispute the application of that statute to the two unpublished tax determinations at issue.

---

[4] "'The other statutes exemption incorporates into the [PRA] other statutes which exempt or prohibit disclosure of specific information or records.'" *Lyft, Inc. v. City of Seattle*, 190 Wn.2d 769, 778, 418 P.3d 102 (2018) (internal quotation marks omitted) (*quoting Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 261-62, 884 P.2d 592 (1994) (*PAWS*) (plurality opinion)). "'The language of the [PRA] does not authorize us to imply exemptions but only allows specific exemptions to stand.'" *Lyft, Inc.*, 190 Wn.2d at 779 (quoting *Brouillet v. Cowles Publ'g Co.*, 114 Wn.2d 788, 800, 791 P.2d 526 (1990)). Here, Miller does not dispute that RCW 82.32.330 constitutes an "other statute" for the purposes of RCW 42.56.070(1). Br. of Appellant at 23.

RCW 82.32.330(2) provides that "[r]eturns and tax information are confidential and privileged, and except as authorized by this section, neither the department of revenue nor any other person may disclose any return or tax information."[5] The term "tax information" is defined as:

> (i) a taxpayer's identity, (ii) the nature, source, or amount of the taxpayer's income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability deficiencies, overassessments, or tax payments, whether taken from the taxpayer's books and records or any other source, (iii) whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, *(iv) a part of a written determination that is not designated as a precedent and disclosed pursuant to RCW 82.32.410*, or a background file document relating to a written determination, and (v) other data received by, recorded by, prepared by, furnished to, or collected by the department of revenue with respect to the determination of the existence, or possible existence, of liability, or the amount thereof, of a person under the laws of this state for a tax, penalty, interest, fine, forfeiture, or other imposition, or offense. However, data, material, or documents that do not disclose information related to a specific or identifiable taxpayer do not constitute tax information under this section. *Except as provided by RCW 82.32.410, nothing in this chapter requires any person possessing data, material, or documents made confidential and privileged by this section to delete information from such data, material, or documents so as to permit its disclosure.*

RCW 82.32.330(1)(c) (emphasis added).

The PRA contains a "redaction provision" that requires an agency to produce otherwise exempt records insofar as redaction renders any and all exemptions inapplicable. *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 433, 327 P.3d 600 (2013); RCW 42.56.210(1). The PRA redaction provision provides that,

> Except for information described in *\*RCW 42.56.230(3)(a)* and confidential income data exempted from public inspection pursuant to RCW 84.40.020, the exemptions of this chapter are inapplicable to the extent that information, the

---

[5] Miller does not allege that any of the disclosure exceptions in RCW 82.32.330(3) apply. Instead, he alleges that the two unpublished tax determinations (if confidential tax information is redacted) do not constitute "tax information" within the meaning of RCW 82.32.330(1)(c) and that RCW 42.56.210(1) requires disclosure with taxpayer-specific information redacted. As explained more fully below, he is incorrect.

disclosure of which would violate personal privacy or vital governmental interests, can be deleted from the specific records sought.

RCW 42.56.210(1) (emphasis added). The asterisk denotes a code reviser's note, which reads: "RCW 42.56.230 was amended by 2011 [ch.] 173 § 1, changing subsection (3)(a) to subsection (4)(a)." Subsection (3) now exempts personal information in files maintained for employees, appointees, or elected officials of any public agency and is unrelated to tax information. Subsection (4) exempts "Information required of any taxpayer in connection with the assessment or collection of any tax if the disclosure of the information to other persons would: (a) Be prohibited to such persons by RCW . . . 82.32.330," which is discussed above. Though the PRA generally requires an agency to produce exempt records with redactions, the plain language of RCW 42.56.210(1) provides an exception to the redaction requirement for information described in the two cross-referenced statutes.

RCW 82.32.330(1)(c) contains a corresponding no-redaction provision for tax information, which is reproduced above. In relevant part, the tax code's no-redaction provision states: "Except as provided by RCW 82.32.410, nothing in this chapter requires any person possessing data, material, or documents made confidential and privileged by this section to delete information from such data, material, or documents so as to permit its disclosure." RCW 82.32.330(1)(c). As discussed above, RCW 82.32.410 describes the method of deleting certain taxpayer-specific information from written determinations designated as precedents prior to their publication.

With a general understanding of the applicable statutory framework in mind, we now turn to Miller's arguments in this interlocutory appeal.

III.     THE TAX DETERMINATIONS AT ISSUE ARE FULLY EXEMPT FROM PUBLIC DISCLOSURE

Miller and Amici WCOG and Tax Analysts argue that the DOR wrongfully withheld the two unpublished tax determinations at issue rather than produce redacted versions because they are only partially exempt under RCW 42.56.230(4)(a) and RCW 82.32.330(1)(c).[6]  We disagree.

A.     Information Required of Any Taxpayer in Connection with the Assessment or Collection of Any Tax

Miller argues that our decision in *Gronquist v. Dep't of Licensing*, 175 Wn. App. 729, 309 P.3d 538 (2013), established that an agency invoking RCW 82.32.330 in response to a PRA request must prove that the information: (1) is required of a taxpayer for tax purposes under RCW 42.56.230(4) *and* (2) constitutes tax information under RCW 82.32.330 to lawfully withhold records.  He asserts that, because the DOR failed to prove that the two unpublished tax determinations consisted "*solely of* 'information required of any taxpayer in connection with the assessment or collection of any tax,' as required to be fully withheld," the DOR's failure to disclose the two unpublished tax determinations with redactions violated the PRA.  Br. of Appellant at 17 (emphasis added) (internal quotation marks omitted) (quoting *Gronquist*, 175 Wn. App. at 750).  We disagree.

In *Gronquist*, we held that the Department of Licensing (DOL) failed to meet its burden to prove that the information it redacted on a master business license application under RCW 82.32.330 was exempt from disclosure.  175 Wn. App. at 750.  We reasoned that even if the application contained "tax information" within the meaning of RCW 82.32.330(1)(c), RCW

---

[6] No party argues that there are material issues of fact precluding summary judgment.  The issues before us are strictly legal questions.

11

82.32.330(3)(l) authorized the disclosure of such information by another agency other than DOR, which was DOL in that case. *Id*. at 749. We also reasoned that RCW 42.56.230(4) did not apply to the redacted information because business license applications do not "'provide financial information for taxation purposes,'" and therefore, the information was not "'required . . . in connection with the assessment or collection of any tax.'" *Id*. at 750 (quoting *Ford Motor Co. v. City of Seattle*, 160 Wn.2d 32, 56, 156 P.3d 185 (2007); RCW 42.56.230(4)). In a footnote, we also stated that even if it were to hold that the information in the application was connected with the assessment or collection of taxes, RCW 82.32.330 did not exempt all of the information that DOL claimed because not all of the information in the application constituted "tax information" within the meaning of RCW 82.32.330(1)(c). 175 Wn. App. at 750 n.13.

Here, Miller's reliance on *Gronquist* is misguided because that case did not hold that an agency must satisfy both RCW 42.56.230(4)(a) and RCW 82.32.330 when an agency invokes RCW 82.32.330 in response to a PRA request. Accordingly, the DOR need not make the additional showing in RCW 42.56.230(4)(a) when invoking RCW 82.32.330.

Miller's reliance on *Gronquist* also fails because that case did not hold that an agency must prove that the records at issue must consist *solely of* "information required of any taxpayer in connection with the assessment or collection of any tax" so as to be exempt under RCW 42.56.230(4). *Gronquist* is unhelpful here because it did not reach the question before us: whether unpublished tax determinations must be redacted, and if so, whether they are then required to be

12

57112-9-II

disclosed. And, as explained below, the unpublished determinations constitute "tax information" under RCW 82.32.330(1)(c)(iv) and are not required to be redacted—they are exempt in their entirety from public disclosure.[7]

    B.    RCW 82.32.330(1)(c) Exempts the Unpublished Tax Determinations From Disclosure

Miller and Amici WCOG and Tax Analysts argue that the DOR unlawfully withheld the two unpublished tax determinations in their entirety because the plain language of RCW 82.32.330(1)(c) only exempts taxpayer-specific information and does not prohibit the disclosure of the legal analysis contained in each determination. We disagree.

As discussed above, RCW 82.32.330(2) provides that "[r]eturns and tax information are confidential and privileged, and except as authorized by this section, neither the department of revenue nor any other person may disclose any return or tax information." In relevant part, the term "tax information" is defined as "a part of a written determination that is not designated as a precedent and disclosed pursuant to RCW 82.32.410." RCW 82.32.330(1)(c)(iv).

Here, the plain language of RCW 82.32.330(1)(c)(iv) exempts written determinations from disclosure unless a part of that determination is designated as precedent and disclosed pursuant to RCW 82.32.410. Jansen's declaration demonstrates that Determination No. 10-0106 and Determination 12-0159 are both unpublished determinations. Both determinations were evaluated for possible publication under the DOR's published publication criteria, and in neither case did the

---

[7] Even if the DOR needed to satisfy RCW 42.56.230(4)(a) in addition to RCW 82.32.330, there is no issue of fact that the taxpayer had to provide the information recited in the two unpublished tax determinations in connection with the assessment or collection of taxes. In his declaration, Jansen testified that both unpublished determinations identify the taxpayer, describe the activity of the taxpayer giving rise to the disputed tax liability, provide such other information about the taxpayer or its transactions as is relevant to the tax question, and resolve the tax question. Accordingly, we conclude that the DOR met its burden of proof to show that RCW 42.56.230(4) plainly applies here.

57112-9-II

DOR choose to publish the determinations. Because both determinations were neither designated as precedent nor disclosed pursuant to RCW 82.32.410, both determinations constitute "tax information" and are therefore exempt from public disclosure.

Miller and Amicus WCOG argue that only taxpayer-specific information in unpublished tax determinations constitutes tax information within the meaning of RCW 82.32.330(1)(c) because "[i]f the Legislature had intended to protect all content in a non-precedent determination, it would have said 'written determination' instead of 'part of a written determination.'" Br. of Appellant at 21 (emphasis omitted) (quoting RCW 82.32.330(1)(c)(iv)); *see* Br. of Amicus Curiae (WCOG) at 6-8. Miller and WCOG contend that "[t]o hold otherwise would impermissibly render the words 'a part of' superfluous." Br. of Appellant at 21; *see* Br. of Amicus Curiae (WCOG) at 6-8. We disagree.

Here, Miller and the WCOG's interpretation of RCW 82.32.330(1)(c) is unpersuasive because, as explained above, the plain language of that statute protects all content in an unpublished tax determination from public disclosure—that is, so long as no part of it has been designated as precedent and disclosed pursuant to RCW 82.32.410. This interpretation does not render the phrase "a part of" superfluous because, through the plain language of RCW 82.32.330(1)(c)(iv), the legislature recognized that there could be situations where some parts of determinations could have precedential value, but the remaining portions may not. Additionally, contrary to Miller's assertion, this interpretation does not contradict the public policy to promote the broad disclosure of public records under RCW 42.56.030 because the legislature explicitly exempted unpublished tax determinations from disclosure in RCW 82.32.330(1)(c)(iv). Accordingly, this argument fails.

14

Next, Miller contends that, "RCW 82.32.330(1)(c)(iv) itself does not say which part of a determination is protected from disclosure, but it is clear from the rest of the statute that only taxpayer-specific [information] is protected." Br. of Appellant at 21. To support his proposition that only taxpayer-specific information in unpublished tax determinations is exempt from disclosure, Miller directs our attention to the other subsections of RCW 82.32.330(1)(c). We disagree.

Here, Miller's contention fails because the legislature *did* state which part of a written determination is protected from disclosure—those parts of written determinations that are not designated as precedent and disclosed pursuant to RCW 82.32.410. So, if no part of a written determination is designated as precedent and thereby disclosed pursuant to RCW 82.32.410, then the written determination is not disclosable under the plain language of RCW 82.32.330(1)(c)(iv). Additionally, while Miller is correct that the other subsections of RCW 82.32.330(1)(c) describe taxpayer-specific content and RCW 82.32.330(1)(c)(iv) does not, Miller's posited interpretation is misguided because he would have us disregard the plain meaning of RCW 82.32.330(1)(c)(iv). We decline Miller's invitation to do so. Accordingly, this argument fails.

Miller and the Amici also argue that RCW 82.32.330(1)(c)(iv) only exempts taxpayer-specific information from disclosure and does not prohibit the disclosure of the legal analysis in unpublished tax determinations based on a carve out clause for taxpayer-specific information in RCW 82.32.330(1)(c). We disagree.

The carve out clause in RCW 82.32.330(1)(c) provides that, "However, data, material, or documents that do not disclose information related to a specific or identifiable taxpayer do not constitute tax information under this section."

15

57112-9-II

Here, Miller's and the Amici's interpretation is unpersuasive. The legislature used the term "written determination" to specifically describe the written determinations at issue. RCW 82.32.330(1)(c)(iv), .410. To read "data, material, or documents" to undermine this specific provision addressing the unpublished written determinations is a step too far. Miller and the Amici's assertion—that because data, material, or documents devoid of specific or identifiable taxpayer information are not "tax information," then "part of a written determination" must refer to all other non-taxpayer-specific information—would turn the plain meaning of the statue on its head because "tax information" clearly and specifically includes "a part of a written determination that is not designated as a precedent and disclosed pursuant to RCW 82.32.410." RCW 82.32.330(1)(c)(iv). Thus, the carve out clause cannot be read to include the legal analysis of unpublished tax determinations.

Miller's and the Amici's reliance on the carve out clause is faulty for another reason. Their assertion fails to give effect to the no-redaction clause that immediately follows the carve out clause: "*Except as provided by RCW 82.32.410*, nothing in this chapter requires any person possessing data, material, or documents made confidential and privileged by this section to delete information from such data, material, or documents so as to permit its disclosure." RCW 82.32.330(1)(c) (emphasis added). As discussed above, RCW 82.32.410 discusses the DOR's authority to designate certain written determinations as precedent, and method of deleting taxpayer-specific information from *published* tax determinations. It also requires the DOR to "disclose any written determination upon which it relies to support any assessment of tax, interest, or penalty against such taxpayer," after sanitizing the determination of taxpayer specific

16

information.[8]  RCW 82.32.410(1)(c).  Thus, reading RCW 82.32.330(1)(c) and RCW 82.32.410 together, the DOR is generally not obligated to redact taxpayer-specific information from *unpublished* tax determinations to permit its disclosure.

Miller further contends that "RCW 82.32.410 does *not* prohibit disclosure of non-precedent determinations with taxpayer details redacted, nor does it say that *only* precedential determinations can be disclosed."  Br. of Appellant at 25.  Thus, according to Miller, "reading RCW 82.32.330 together with RCW 82.32.410, it is clear there is no exemption encompassing all of each determination and that the Legislature intended to allow disclosure as long as taxpayer details are redacted."  Br. of Appellant at 26.  We disagree.

RCW 82.32.410 provides that,

> *(1) The director may designate certain written determinations as precedents*.
> (a) By rule adopted pursuant to chapter 34.05 RCW, the director shall adopt criteria which he or she shall use to decide whether a determination is precedential. These criteria shall include, but not be limited to, whether the determination clarifies an unsettled interpretation of Title 82 RCW or where the determination modifies or clarifies an earlier interpretation.
> (b) Written determinations designated as precedents by the director shall be made available for public inspection and shall be published by the department.
> (c) The department shall disclose any written determination upon which it relies to support any assessment of tax, interest, or penalty against such taxpayer, after making the deletions provided by subsection (2) of this section.
> *(2) Before making a written determination available for public inspection under subsection (1) of this section, the department shall delete*:
> (a) The names, addresses, and other identifying details of the person to whom the written determination pertains and of another person identified in the written determination; and
> (b) Information the disclosure of which is specifically prohibited by any statute applicable to the department of revenue, and the department may also delete other information exempted from disclosure by chapter 42.56 RCW or any other statute applicable to the department of revenue.

---

[8] But again, the issue of whether the DOR relied on the unpublished written determinations in this case for the assessment of a tax is not before us in this certified appeal.

57112-9-II

(Emphasis added.)

Here, Miller is correct that RCW 82.32.410 shows an overall legislative intent to protect only taxpayer-specific parts of a precedential written determination and to inform the public about "consequential tax decisions." Br. of Appellant at 25. However, he is incorrect that RCW 82.32.410 permits the disclosure of written determinations that are not designated as precedent and not relied on in the assessment of tax, interest, or penalty against such taxpayer. One simply cannot glean that meaning from the language of RCW 82.32.410. Additionally, when interpreting RCW 82.32.410 as a whole and in conjunction with related statutes as we must, that statute only discusses written determinations that are deemed precedential under subsection (1)(b) and consequential under (1)(c). The plain language of RCW 82.32.330(1)(c) prohibits the disclosure of unpublished written determinations, as explained above. Because Miller's interpretation ignores the plain language of RCW 82.32.330(1)(c)(iv) and RCW 82.32.410, we conclude that his reliance on RCW 82.32.410 fails.

Based on the above, we hold that the two unpublished tax determinations at issue are exempt from public disclosure because they constitute confidential "tax information" within the meaning of RCW 82.32.330.

IV.    TAX INFORMATION IS ALSO EXEMPT FROM THE PRA'S REDACTION REQUIREMENT

Miller and Amicus WCOG argue that the DOR violated the PRA by withholding the two unpublished tax determinations in their entirety because the plain language of RCW 42.56.210(1) requires the disclosure of those records with taxpayer specific information redacted.[9] We disagree.

---

[9] Miller argues that no conflict exists between PRA redaction rule (RCW 42.56.210(1)) and the tax code's redaction rule (RCW 82.32.330(1)(c)), but even if a conflict did exist, then the PRA redaction rule should govern. Because Miller's argument attempts to create a conflict, we will analyze the PRA redaction rule.

18

57112-9-II

A.      The Tax Information Exception to the Redaction Requirement is Still Good Law

Miller and Amicus WCOG contend that the exception to the redaction requirement in RCW 42.56.210(1) for confidential tax information no longer exists in current law because the legislature amended RCW 42.56.230 without correcting the cross reference to the subsection dealing with tax information in RCW 42.56.210(1).  We disagree.

In 2011, the legislature amended RCW 42.56.230, which governs exemptions for certain personal information from public disclosure.  LAWS OF 2011, ch. 173, § 1.  The 2011 amendment added a new section relating to personal and emergency contact information for children as RCW 42.56.230(2).  *Id.*  As a result, the 2011 amendment renumbered the following subsections, moving the exemption for public agency employee's personal information from RCW 42.56.230(2) to RCW 42.56.230(3) and moving the exemption for tax information from RCW 42.56.230(3)(a) to RCW 42.56.230(4)(a).  *Id.*  The statutory numbering for public agency employee's personal information and confidential tax information remain the same to this day.  *See* RCW 42.56.230(3); RCW 42.56.230(4)(a).

Since the 2011 amendment, RCW 42.56.230 had been amended 11 times.  However, the redaction provision of RCW 42.56.210 has not been amended since 2005.  LAWS OF 2005, ch. 274, § 402.  Currently, RCW 42.56.210(1) reads: "Except for information described in *RCW 42.56.230(3)(a)* and confidential income data exempted from public inspection pursuant to RCW 84.40.020, the exemptions of this chapter are inapplicable to the extent that information, the disclosure of which would violate personal privacy or vital governmental interests, can be deleted from the specific records sought." (Emphasis added.)  As discussed above, the asterisk denotes a code reviser's note, which reads: "RCW 42.56.230 was amended by 2011 [ch.] 173 § 1, changing subsection (3)(a) to subsection (4)(a)."

19

In its current state, RCW 42.56.230(3) exempts from public disclosure "Personal information in files maintained for employees, appointees, or elected officials of any public agency to the extent that disclosure would violate their right to privacy." And, as discussed above, RCW 42.56.230(4) exempts from public disclosure:

> Information required of any taxpayer in connection with the assessment or collection of any tax if the disclosure of the information to other persons would: (a) Be prohibited to such persons by RCW 84.08.210, 82.32.330, 84.40.020, 84.40.340, or any ordinance authorized under RCW 35.102.145; or (b) violate the taxpayer's right to privacy or result in unfair competitive disadvantage to the taxpayer.

Here, Miller argues that RCW 42.56.210(1) plainly references RCW 42.56.230(3)(a), but section .230(3)(a) no longer exists. Rather, section .230 only includes subsection (3), not (3)(a). However, it is readily apparent that the reference to RCW 42.56.230(3)(a) in RCW 42.56.210(1) should be read to reference RCW 42.56.230(4)(a). As the DOR notes, the code reviser noted the manifest error in RCW 42.56.210(1)'s cross reference to RCW 42.56.230 based on its authority granted by RCW 1.08.015(2)(i).

RCW 1.08.015 governs the code reviser's duties and provides in relevant part that,

> Subject to such general policies as may be promulgated by the committee and to the general supervision of the committee, *the reviser shall*:
> . . . .
> (2) Edit and revise such laws for such consolidation, to the extent deemed necessary or desirable by the reviser and without changing the meaning of any such law, in the following respects only:
> . . . .
> (i) *Correct manifest errors in references, by chapter or section number, to other laws*.

(Emphasis added.)

Here, as required by RCW 1.08.015(2)(i), the code reviser corrected the cross reference to RCW 42.56.230(3)(a) in RCW 42.56.210(1) by noting that "RCW 42.56.230 was amended by 2011 [ch.] 173 § 1, changing subsection (3)(a) to subsection (4)(a)." Because the code reviser's

20

note accurately tracks the legislative history discussed above, we follow it to give effect to the legislature's intent. Additionally, by concluding that the legislature actually meant to cross reference RCW 42.56.230(4)(a) in RCW 42.56.210(1), we would harmonize the PRA's redaction exception with the no-redaction provision for tax information set out in RCW 82.32.330(1)(c). *Cannabis Action Coal. v. City of Kent*, 180 Wn. App. 455, 477, 322 P.3d 1246 (2014) (stating that related statutory provisions should interpreted in relation to each other and all provisions are harmonized).

Furthermore, it is worth noting that none of the parties have identified any legislative history, nor have we found any, that suggests that the legislature intended to apply RCW 42.56.210's redaction exception to public employee information instead of, as the code revisor's note clarifies, personal tax information.[10]

Finally, Miller contends that "courts apply what the Legislature has enacted, even if it conflicts with a code reviser's note," relying on *State v. Martell*, 200 Wn. App. 293, 402 P.3d 387 (2017), for the proposition. Reply Br. of Appellant at 13. But in *Martell*, we held that the appellant's reliance on the code reviser's note was misplaced and declined his invitation to follow it because the code reviser's note did not accurately track the amendments to RCW 9.94A.030 from 2001 to 2012. 200 Wn. App. at 297. *Martell* suggests that courts will follow a code reviser's note if it correctly tracks the legislative history for the alleged error in the statute that it corrects,

---

[10] Miller's posited interpretation is difficult to accept because it would also require us to conclude that the legislature intended to reference a nonexistent statutory subsection. As explained above, RCW 42.56.230(3)(a) ceased to exist altogether from the 2011 amendment—there is now only section .230(3). "[W]e presume the legislature does not intend absurd results and we interpret statutory language to avoid absurdity." *Pratt*, 11 Wn. App. 2d at 461. Thus, we decline to conclude that the legislature intended to cross reference a non-existent statutory subsection in RCW 42.56.210(1).

21

as the code reviser's note does for RCW 42.56.230. Accordingly, we will follow the code reviser's note.

Because the redaction provision in RCW 42.56.210 has not been amended since 2005, and because the legislature never repealed the exemption for tax information as described in RCW 42.56.230(4)(a) (which in turn cross references RCW 82.32.330), the foregoing strongly suggests that the reference to RCW 42.56.230(3)(a) in RCW 42.56.210(1) should be read to reference RCW 42.56.230(4)(a). Accordingly, we hold that information described in RCW 82.32.330, which includes the two unpublished tax determinations at issue here, is not subject to the general redaction rule in RCW 42.56.210(1).

B.      We are Not Improperly Correcting RCW 42.56.210(1)

Miller argues that courts are powerless to correct suspected mistakes in statutes, and thus, contends that "this [c]ourt must hold that the PRA requires redaction of confidential tax information because that is what RCW 42.56.210(1) says." Br. of Appellant at 30. Here, Miller's argument fails because we are not correcting a mistake—the code reviser already corrected the mistake by noting it in the statute. Accordingly, this argument fails.

C.      Public Policy Arguments to the Contrary do Not Merit Reversal

Amicus Tax Analysts contends that "The [DOR's] practice of keeping most of its determinations secret and disclosing only those it deems precedent is . . . out of step with how federal law and many state laws harmonize the goals of effective tax administration and protecting taxpayer privacy." Br. of Amicus Curiae (Tax Analysts) at 19. Amicus Tax Analysts then goes on at length about how the federal government and most states disclose redacted nonbinding tax determinations and rulings for public disclosure. In a similar vein, Amicus WCOG argues that

22

permitting the DOR to completely withhold unpublished tax determinations would be corrosive to public trust and transparency.

While we appreciate the Amici's policy concerns, they have no bearing on the outcome of this interlocutory appeal. To be sure, we are sensitive to the ongoing need for public trust of government operations—a trust that is fostered by transparency. However, where the legislature has clearly acted to provide that the information at issue here is protected, it is the legislature that must act to change course. Accordingly, we decline to further address the Amici's arguments because "[p]ublic policy arguments 'are more properly addressed to the Legislature, not to the courts.'" *McCaulley v. Dep't of Labor & Indus.*, 5 Wn. App. 2d 304, 316, 424 P.3d 221 (2018) (quoting *Blomster v. Nordstrom, Inc.*, 103 Wn. App. 252, 258, 11 P.3d 883 (2000)). As discussed above, the DOR lawfully withheld the unpublished tax determinations in their entirety under the authority of RCW 42.56.210(1) and RCW 82.32.330(1)(c).

V.     THE LEGISLATURE EXEMPTED UNPUBLISHED TAX DETERMINATIONS FROM DISCLOSURE

Miller contends that it is up to the courts, not the DOR, to decide that the unpublished tax determinations are exempt from public disclosure. Miller relies on the following excerpt from *Hearst Corp.* contending that the unpublished tax determinations should be disclosed:

> The assessor, in essence, contends that the act leaves interpretation and enforcement of its requirements to the very persons it was designed to regulate. This is the same argument that we rejected in [*Mead School Dist. 354 v. Mead Educ. Ass'n*, 85 Wn.2d 140, 145, 530 P.2d 302 (1975)], in which we refused to leave application of the Open Public Meetings Act of 1971, [ch. 42.30 RCW], "to the whim of the public officials whose activities it is designed to regulate." *Mead*, 85 Wn.2d at 145 . . . . We again reject this approach; leaving interpretation of the act to those at whom it was aimed would be the most direct course to its devitalization.

90 Wn.2d at 131.

23

Here, Miller's reliance on *Hearst Corp.* fails because, as discussed above, the legislature explicitly exempted the unpublished tax determinations from public disclosure under RCW 42.56.210(1) and RCW 82.32.330(1)(c).

VI.     ATTORNEY FEES ON APPEAL

Miller requests attorney fees and costs on appeal under RAP 18.1 and RCW 42.56.550(4). Miller also asks us to remand the issue of daily penalties to the trial court to be determined in the final phase of the case in accordance with the case schedule. We deny Miller's request.

We may grant an award of reasonable attorney fees on appeal to a party that requests it in its opening brief, and as long as applicable law provides for such an award. RAP 18.1(a), (b). The PRA provision authorizing awards of penalties, fees, and costs reads:

> *Any person who prevails* against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not to exceed one hundred dollars for each day that he or she was denied the right to inspect or copy said public record.

RCW 42.56.550(4) (emphasis added).

Here, Miller is not the prevailing party on appeal. Accordingly, we deny his request for attorney fees and costs.

57112-9-II

CONCLUSION

We affirm the trial court's order granting the DOR's motion for partial summary judgment and denying Miller's motion for partial summary judgment, and remand for further proceedings.

_____
Veljacic, J.

We concur:

_____
Glasgow, C.J.

_____
Cruser, J.

25